## Israel W. Clark v. Ray N. Johnson and others.

*Mortgages: Priority: Proofs.* The claim set up in this case by a defendant who was made a party under the general allegation in the bill of foreclosure against subsequent purchasers and incumbrancers, that a mortgage which he held on the same premises, and of the same date, and for the same amount of that in suit, but payable one year earlier and not recorded till two days later, was intended and understood at its inception to be a prior mortgage to the one in suit, and that when the same was assigned to such defendant by complainant, it was agreed between them that it should have priority over the other, which complainant then also held, is not sustained, but is contradicted by the proofs.

*Heard April 30.    Decided June 19.*

Appeal in Chancery from Branch Circuit.

*N. P. Loveridge,* for complainant.

*Stacy & Underwood,* for defendant Andrew J. Johnson.

GRAVES, CH. J:

This is an appeal by the defendant Andrew J. Johnson, from a final decree of the circuit court for the county of Branch, in chancery, for the foreclosure of a mortgage.

The bill is in the common form, and sets up that February 10th, 1869, Ray N. Johnson made his promissory note to Samuel Corbin or bearer, for one thousand dollars, payable in *three* years, with annual interest at ten per cent., and that Ray N. Johnson and his wife Rachael, at the same time mortgaged certain village property in Union city to Corbin, the payee, to secure the note; that the mortgage was recorded February 23d, 1869; that on the first of May, in the same year, the mortgagee assigned these securities to complainant, who recorded his assignment August 26th, 1870; that there was due and unpaid one thousand twenty-six dollars and ninety-four cents, and that no proceedings at law had been taken. Andrew J. Johnson was made a party defendant under the general allegation that he was understood to claim some right as subsequent purchaser, encumbrancer or otherwise. As the other defendants have acquiesced in the decree, we have no need to refer to any matter of defense except that set up by him, and to see what that is, we must recur to his answer. From the nature of it his objection must depend upon his allegations.

As set up in *his answer*, his defense is substantially as follows: That at the same time when complainant's note and mortgage were given, Ray N. Johnson gave another note to Samuel Corbin, of the same terms as complainant's, except it was drawn payable in *two*, instead of *three* years, and that said Ray N. Johnson, and his wife Rachael, then likewise executed to said Samuel Corbin their mortgage to secure this last mentioned note, and upon the same real estate covered by complainant's mortgage, so that the only difference in terms between the two sets of securities was the time named for them to run; that this last named mortgage was recorded two days later than the other, viz.: February 25th,

CLARK *v.* JOHNSON.

1869, and was likewise assigned by Samuel Corbin to complainant, July 6th, 1869, or about two months after the assignment to him of the other; that on the 23d of February, 1871, the complainant, in consideration of one thousand dollars, assigned this last named mortgage to defendant; that, as defendant has been informed, and as he *believes*, when the two sets of securities were executed and delivered by Ray N. Johnson to Samuel Corbin, it was understood and agreed by and between them, that the mortgage now held by defendant should stand as the first mortgage and lien on the premises, and that complainant was aware of this fact; and that when defendant so purchased such mortgage, as before mentioned, of complainant, and took his assignment of the same, it was understood between complainant and defendant that it was the first mortgage on the premises, and that he, defendant, believed such to be the fact; that at that time complainant informed defendant that the land was good for the money, and that the mortgage he, the complainant, retained, "was still back" of the mortgage then assigned; and that he, defendant, purchased his mortgage in reliance upon the truth of such statement. In adducing evidence, and in argument upon the hearing, counsel saw fit to go outside and very far beyond the case made by the bill and this answer, but as no decree could be regularly based on matters beyond the pleadings, it is needless to discuss such matters. The case is extremely plain upon all points actually brought forward by the pleadings. On the evidence in the record, the complainant was clearly entitled to the relief granted, unless the defense set up by the defendant's answer was substantiated, and in regard to this there is no chance for serious question. The only proofs for the defendant repel the idea that any agreement was entered into when the papers were originally made, that the mortgage he now holds should be the first lien and incumbrance; and the plain weight of evidence is decisively against the position, that at the time complainant assigned to defendant it was mutually understood that this assigned mortgage was in fact the first in-

32 MICH.—34.

cumbrance, and is also clearly against the proposition, that at this time the complainant made the representation charged. The defense interposed by the answer is hence so manifestly unsupported, that any reference to details seems to be wholly uncalled for.

The decree below should be affirmed, with costs.

The other Justices concurred.