DILLON *v.* SHIAWASSEE CIRCUIT JUDGE.

1. DIVORCE — DISCONTINUANCE OF SUIT — NONPAYMENT OF SOLICITOR'S FEE—CONTEMPT.

Where, after the court has made an order in a divorce case requiring the husband to pay a fee to the wife's solicitor, but before any demand has been made on the husband for a compliance therewith, the parties become reconciled and discontinue the suit without the knowledge of their solicitors, the court has no power thereafter to adjudge the husband in contempt for failure to pay the fee in accordance with said order.

2. MANDAMUS—WHEN LIES—ORDER OF CONTEMPT.

An order adjudging a party guilty of contempt, and requiring him to pay a certain sum within 10 days or be imprisoned, is reviewable by *mandamus;* the remedy by appeal not being sufficiently expeditious.

*Mandamus* by John Dillon to compel Stearns F. Smith, circuit judge of Shiawassee county, to vacate an order adjudging relator to be in contempt of court. Submitted October 7, 1902. (Calendar No. 19,455.) Writ granted October 28, 1902.

*Watson & Chapman,* for relator.

*John T. McCurdy,* for respondent.

MOORE, J. This is an application for a writ of *mandamus* to require the circuit judge to set aside an order adjudging relator to be in contempt of court for not obeying one of its orders. The record shows that on February 12, 1902, Susan Dillon filed a bill for divorce against relator, John T. McCurdy being her solicitor; and also filed a petition for alimony. On the 24th of February, 1902, the circuit judge made an order as follows:

"It is ordered by the court that the said defendant pay to the said complainant the sum of five dollars per week temporary alimony, payable weekly, from and after date

hereof, during the pendency of this suit, or until the further order of this court; that he pay to John T. McCurdy, complainant's solicitor in this case, the sum of fifty dollars; and that he also pay to complainant the sum of twenty dollars, to enable complainant to procure witnesses in said cause; said sums of fifty and twenty dollars to be payable as follows: One-half of said sum in twenty days from date hereof, and the remaining one-half in forty days from date hereof."

The relator paid the weekly allowance and for witnesses, and $25 to the solicitor. On the 29th of April, 1902, Mr. and Mrs. Dillon became reconciled to each other, and went to living together as husband and wife. Without consulting their solicitors, Mrs. Dillon receipted to her husband in full, and both signed a stipulation discontinuing the suit, and filed it with the clerk of the court, and Mr. Dillon at the same time paid the court costs up to that date. May 7, 1902, Mr. McCurdy made a demand on Mr. Dillon for the payment of the unpaid portion of the solicitor's fee, amounting to $25. It was not paid, and on the 17th of June Mr. McCurdy, without the knowledge or direction of Mrs. Dillon, filed a petition to have Mr. Dillon punished for contempt of court. The court made an order requiring Mr. Dillon to show cause why he should not be so punished. Upon the hearing Mr. Dillon set up the foregoing facts as a reason why he should not be punished. The judge thought they were not sufficient, and adjudged Mr. Dillon to be in contempt, and required him to pay within 10 days the $25, $3 costs for sheriff's fees, and $10 solicitor's fee on the motion, or, in default, that he be imprisoned in the county jail.

The authority of the court to make an order requiring the husband to pay any sums necessary to enable the wife to carry on or defend a divorce suit is found in section 8628, 3 Comp. Laws. In *Parker* v. *Blighton,* 32 Mich. 265, it was held that clients might settle cases without the knowledge or assent of counsel. In *Wright* v. *Hake,* 38 Mich. 525, it was said:

"It is suggested in the brief for defendants that the arrangement did not bind Merritt because not signed by his attorney. It is true that only the attorneys can manage a case, but it is equally true that the attorney cannot prevent his client making a compromise or settlement."

There is nothing in section 8628, 3 Comp. Laws, which authorizes the court to make an order in a divorce proceeding that will prevent the parties' thereto from becoming reconciled and discontinuing the litigation. In this case, before a demand had been made upon the relator for a compliance with the order of the court, the case was discontinued. Under these circumstances it is difficult to see how any further order could be properly made therein. 12 Am. & Eng. Enc. Law (1st Ed.), 303; Stew. Mar. & Div. § 385; *Chestnut* v. *Chestnut*, 77 Ill. 346.

It is said:

"The order made adjudging relator herein guilty of contempt of court was a final order and judgment, from which relator had the right to appeal. *Mandamus* will not lie to review a final order and judgment, and relator has mistaken his remedy in this cause,"—citing cases.

This is the rule, but there is an exception to it, which was stated in *Michigan Mut. Fire-Ins. Co.* v. *Wayne Circuit Judge*, 112 Mich. 270 (70 N. W. 582), as follows:

"To this rule an exception is made if the slowness of ordinary legal forms is likely to produce such immediate injury or mischief as ought to be prevented. Merrill, Mand. § 198; *People* v. *Cass Circuit Judge*, 39 Mich. 410; *Talbot Paving Co.* v. *Detroit Common Council*, 91 Mich. 262 (51 N. W. 933)."

The relator has brought himself within the exception.

The order will be made as prayed in the petition.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred.