DePEW *v.* DePEW.

1. DIVORCE—RECONCILIATION—WIFE'S ATTORNEYS' FEES—JURISDICTION.

Application for leave to appeal from circuit court's order to defendant to pay attorney fee to plaintiff's counsel, in divorce suit after reconciliation and dismissal of bill *held,* to have been improvidently granted, where showing made by brief and oral argument discloses no merit for appeal, the circuit court being vested with duly retained jurisdiction to determine whether and in what amount further compensation should be paid by the defendant to plaintiff wife's counsel and not having abused his discretion in the matter.

2. SAME—ATTORNEY FEES—APPEAL.

Costs on appeal from order granting petition of attorneys for plaintiff wife in suit for divorce for fees, which appeal had been granted improvidently, are limited to regular costs taxable on appeal without separate allowance of fees for appellate services to plaintiff's counsel, the granting of the petition having followed reconciliation and dismissal of the bill of complaint.

Appeal from Macomb; Noe (Alton H.), J. Submitted April 9, 1964. (Calendar No. 27, Docket No. 50,296.) Decided June 1, 1964. Rehearing denied July 8, 1964.

Bill by Marion DePew against Weldon Richard DePew for divorce terminated by reconciliation and order of dismissal. Petition of plaintiff's attorneys for fees and expenses granted and order entered.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation § 629 *et seq.*
[2] 14 Am Jur, Costs § 91 *et seq.*

Defendant appeals. Petitioning attorneys cross-appeal. Affirmed.

*Dell & Shantz* (*John F. Shantz,* of counsel), for plaintiff and as petitioning attorneys.

*Edward W. Lawrence* and *Raymond A. Macdonald,* for defendant.

PER CURIUM. Upon leave granted the defendant husband presents 2 questions:

"1. Does the trial court have jurisdiction to entertain a petition of plaintiff wife's attorneys for fees where the plaintiff did not join in or authorize the filing of the said petition, which petition named both plaintiff and defendant as respondents and where the action had previously been dismissed due to the reconciliation of the parties?

"2. Was the attorney fee awarded by the trial court so excessive as to constitute an abuse of discretion?"

August 10, 1961, the plaintiff wife commenced this suit for divorce. September 5, 1961, defendant's default was entered. On motion of defendant the default was set aside (April 23, 1962) upon condition that defendant pay plaintiff's attorney an additional $200. An earlier order directing that defendant pay a fee, to plaintiff's counsel ($150), had been entered *ex parte.*

The case came to due issue. Trial was set for September 26, 1962. Some 48 hours prior to call of the case for trial plaintiff's counsel were advised by their client that a reconciliation had been accomplished. November 7, 1962, plaintiff's counsel filed petition for an order ordering defendant to pay additional fees in the net amount of $2,595 plus expenses of $59.

November 15, 1962, defendant moving, the suit was dismissed by Judge Noe. The judge's order concluded:

"It is, therefore, ordered that the above entitled cause be dismissed except for the pending petition for allowance of attorneys' fees."

December 20, 1962, Judge Noe ordered that defendant pay plaintiff's counsel an overall fee of $3,000, less a total credit of $905,* leaving a net unpaid fee of $2,095, to be paid "One-half of the said balance, or $1,047.50, shall be paid by said defendant to Dell and Shantz, on or before March 10, 1963; and the remainder shall be paid on or before June 10, 1963." It is from this order that defendant has appealed.

When defendant's said application came to consideration here the Justice to whom the application was assigned submitted a carefully considered preconference memorandum, according to our practice, and recommended that it be denied. Then, on the next ensuing conference day, the Justice moved that the application be denied. Some doubt having been expressed, and doubt of such nature usually being resolved in favor of grant rather than denial, it was decided that the application should be granted. That was done by order dated March 7, 1963.

Now that the matter is before us, fully briefed and orally argued for the defendant-appellant, we conclude that the application was granted improvidently; also that it, as well as current showing, discloses no merit for appeal. The circuit court was vested with duly retained jurisdiction to determine whether and if so in what amount further compensation should be paid, to the plaintiff wife's counsel, by the defendant husband. The court proceeded ac-

---

* The $905 represents fees previously paid, or ordered paid by defendant, to plaintiff's counsel.

cordingly. We are not persuaded that the judge thereof erred when he ascertained and ordered paid the net amount specified above.

The appealed order is affirmed. Plaintiff may have the regular costs that are taxable on appeal to the prevailing party. No separate allowance of fees for appellate services will be awarded to plaintiff's counsel.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred.

ADAMS, J. (*concurring*). I concur in the result arrived at in the Per Curiam opinion for the reason that the circuit court was vested with jurisdiction to retain the case for determination of attorney fees. The attorney fee awarded by the judge was reasonable. Plaintiff's counsel having been obligated to defend in these appellate proceedings, I would award attorney fees to them for appellate services in the amount of $300.