STACKHOUSE v STACKHOUSE

Docket No. 131437. Submitted March 10, 1992, at Lansing. Decided
April 6, 1992, at 9:40 A.M. Leave to appeal sought.

Joan H. Stackhouse brought an action for divorce in the Washte-
naw Circuit Court against Robert H. Stackhouse. The plaintiff
died after the court issued an opinion, but before the entry of a
judgment. Her attorney then moved for the payment of his fees
and costs and for the payment of an accounting firm's fees for
services rendered to the plaintiff during the pendency of the
proceeding. The court, John B. Collins, J., granted the motion
and entered an order directing the defendant to pay the fees
and costs. The defendant appealed.

The Court of Appeals *held:*

1. A trial court in a divorce action where the dependent
spouse has died before entry of a judgment of divorce has
jurisdiction to award attorney fees pursuant to MCL 552.13;
MSA 25.93 upon the request of the deceased's counsel.

2. There was sufficient evidence in the record to support the
necessity of the award. The failure of the trial court to make
specific findings regarding the necessity of the award and the
failure of the plaintiff's counsel to call to the trial court's
attention the need for such findings was harmless in light of
the clear evidence of necessity in the record.

Affirmed.

1. DIVORCE — ATTORNEY FEES — DEATH OF PARTY BEFORE JUDGMENT.

A trial court in a divorce action where the dependent spouse has
died before entry of a judgment of divorce has jurisdiction to
award attorney fees to the deceased's attorney upon the attor-
ney's request; a motion for fees may be brought in the attor-
ney's own name where the client has died and the client would
otherwise be entitled to have the attorney fees, or a portion
thereof, paid by the other spouse (MCR 3.206[A][1],[3]; MCL
552.13; MSA 25.93).

REFERENCES

Am Jur 2d, Divorce and Separation §§ 589 *et seq.*
See the Index to Annotations under Attorneys' Fees; Divorce and
Separation.

2. Divorce — Attorney Fees.

A party to a divorce action may be ordered to pay the opposing party's reasonable attorney fees where the record supports a finding that such financial assistance is necessary to enable the opposing party to defend or prosecute the action or where the party requesting the payment of the fees has been forced to incur them as a result of the other party's unreasonable conduct in the course of the litigation; specific findings regarding the necessity of the fee award should be made by the trial court, and counsel who petition for fees have a responsibility to call to the trial court's attention the need for such findings (MCR 3.206[A][2]; MCL 552.13; MSA 25.93).

*Hooper, Hathaway, Price, Beuche & Wallace* (by *James A. Evashevski*), for the plaintiff.

*Kantner & Associates* (by *Robert W. Roddis*), for the defendant on appeal.

Before: SHEPHERD, P.J., and SAWYER and CONNOR, JJ.

SHEPHERD, P.J. In this divorce action, plaintiff died after the trial court issued an opinion but before the entry of judgment. Thereafter, plaintiff's attorney during the pendency of the divorce proceeding moved for an order requiring defendant to pay $11,215.05 in attorney fees and $1,500 to an accounting firm for services rendered to plaintiff during the pendency of the proceeding. Defendant appeals as of right from the trial court's July 10, 1989, order for payment of attorney fees and costs. We affirm.

Trial in this action commenced in July 1988 and resumed and was completed in February 1989. Plaintiff had requested attorney fees shortly before trial, but the court apparently declined to rule on the request. Plaintiff also requested such fees in her trial brief. However, the October 17, 1989, decision of the court failed to address this issue as well as the disposition of several items of property.

The decision concluded: "Either party may tender to the court a judgment in conformance with this opinion." On November 3, 1989, plaintiff filed a motion to clarify the decision of the court, requesting that the trial court address certain matters not dealt with in its October 17, 1989, opinion, including attorney fees, "so as to enable her counsel to prepare a Judgment of Divorce in accordance with the Court's Opinion dated October 17, 1989." Defendant filed a response joining in the request for clarification.

From the lower court file it appears that the motion for clarification was noticed for hearing on November 22, 1989. No transcript of such hearing has been provided, but defendant asserts in his brief on appeal that the motion was heard on November 21, 1989, and taken under advisement. In any event, no action was taken by the trial court before plaintiff's death on May 26, 1990. On June 13, 1990, plaintiff's attorney moved for payment of his fees and costs and for payment of the accountant's fees. The trial court granted the motion at a June 26, 1989, hearing. The order directing defendant to pay the fees and costs, entered on July 10, 1990, is the subject of this appeal.

Defendant argues persuasively that the trial court had no jurisdiction to enter the order for payment of fees and costs because the action abated upon plaintiff's death. It is undisputed that a judgment of divorce was not entered herein. In *Tiedman v Tiedman,* 400 Mich 571, 576-577; 255 NW2d 632 (1977), our Supreme Court held:

> The rule is well established that courts speak through their judgments and decrees, not their oral statements *or written opinions.* Generally, a judgment or order is reduced to written form, as was contemplated in this case; until reduced to

writing and signed, the judgment did not become effective and the parties remained married.

A court is without jurisdiction to render a judgment of divorce after the death of one of the parties. "There must be living parties, or there can be no relationship to be divorced."

"A judgment is the final consideration and determination of a court of competent jurisdiction upon the matters submitted to it"; until a judgment is signed the judge may change his mind and sign a different judgment. The judge's statement in this case that he would not have reconsidered the matter does not negate his power to have done so.

\* \* \*

In the instant case, *it was beyond the court's power after Donald Tiedman's death to enter a judgment of divorce or to order a property settlement or to have ordered payment of alimony.* This is also the rule in other jurisdictions. [Emphasis added. Citations omitted.]

However, no issue regarding attorney fees was presented in *Tiedman.*

In *DePew v DePew,* 373 Mich 162; 128 NW2d 533 (1964), our Supreme Court upheld an award of fees to the plaintiff's counsel where the parties reconciled and the plaintiff's counsel moved for an order directing the defendant to pay attorney fees. The trial court, upon motion of the defendant, ordered the case "dismissed except for the pending petition for allowance of attorneys' fees." Thereafter, the court ordered the defendant to pay certain fees to the plaintiff's counsel, and the defendant appealed. In an opinion per curiam, the Supreme Court held that "[t]he circuit court was vested with duly retained jurisdiction to determine whether and if so in what amount further compen-

sation should be paid, to the plaintiff wife's counsel, by the defendant husband." *Id.* 164.[1]

Neither *Tiedman* nor *DePew* is precisely on point. That is, neither addresses the question whether, in a divorce action where the dependent spouse has died before entry of a judgment of divorce, a trial court has jurisdiction to award attorney fees pursuant to MCL 552.13; MSA 25.93 upon the request of the deceased's counsel. Because we find no controlling authority, we consider the question open as a matter of Michigan law and thus look to other jurisdictions for guidance.

Some state courts have followed defendant's reasoning that because the death of a party to a pending action for divorce abates the action, the trial court is deprived of subject-matter jurisdiction to thereafter award fees to counsel for the deceased dependent spouse. See, e.g., *Hogsett v Hogsett,* 409 SW2d 232, 238 (Mo App, 1966) ("the death of either spouse abates the entire suit, and all of its features, and thereafter, we repeat, no divorce suit is pending"). Other jurisdictions, most notably New Jersey, have analyzed the matter differently. See, e.g., *Williams v Williams,* 59 NJ 229; 281 A2d 273 (1971); *State of Indiana, ex rel Paxton v Porter Superior Court,* 467 NE2d 1205 (Ind, 1984); *Spiro v Spiro,* 124 Ill App 2d 254; 260 NE2d 332 (1970); *Centazzo v Centazzo,* 556 A2d 560, 562 (RI, 1989).

We are persuaded that the opinion of the New Jersey Supreme Court in *Williams, supra,* states

---

[1] But compare *Dillon v Shiawassee Circuit Judge,* 131 Mich 574, 576; 91 NW 1029 (1902) ("difficult to see" how circuit court order adjudging husband in contempt for failing to pay plaintiff wife's attorneys pursuant to earlier order of court could "be properly made" when parties had reconciled and stipulated to dismissal after the order awarding fees was entered but before second installment was due or demanded; thus, contempt order, which came after dismissal, was vacated).

the better view. In *Williams,* the New Jersey court recognized the rule that a divorce action abates with the death of a party, but, overruling a previous decision, held that the dependent spouse's claim for attorney fees in the divorce action does not abate with the death of that spouse. The *Williams* court further held that the attorneys for the deceased may seek compensation in their own right. The court reasoned:

> In the counsel fee and cost situation, such as presented here, unlike the situation where an award of permanent alimony is sought after the wife's death, her death does not extinguish the need for the award. Her estate remains liable to the attorney as the contracting party and the only consequence of the abatement doctrine is to relieve the husband of any liability for such moneys. We think the exemption of the husband in such circumstances is unfair and incompatible with the policy underlying the grant of counsel fees and costs. [*Williams, supra* at 232-233.]

We endorse this reasoning and decline to equate fee awards pursuant to MCL 552.13; MSA 25.93 with property settlements and alimony. To so extend *Tiedman* and hold that the dependent spouse's claim for fees abates with that spouse's death before entry of the judgment of divorce would have several negative policy implications.

For example, in this case defendant argues that plaintiff's counsel should be relegated to filing a claim against plaintiff's estate. Plaintiff's counsel points out that the estate appears to have less than $5,000 in assets and the fees exceed $11,000. If, as appears to be the case here, the death of the needy spouse works to vest all of the marital property in the wealthier spouse, there might be no way for the needy spouse's attorney to be

compensated for services rendered. In other words, if the right to attorney compensation from an opposing party in a divorce action abates with the death of the needy party, that needy party's attorney would often run the risk that all or some of the services rendered and expenses incurred during the proceedings would not be recompensed. Ironically, those clients who may be in the direst need because of health problems could present the greatest risk of nonpayment.

We perceive no sound policy for a rule that would make an attorney's compensation conditional upon the survival of the attorney's client until after entry of the judgment of divorce. But the occasional unfairness to counsel would not be the only result. MCL 552.13; MSA 25.93 and its predecessor statutes are evidence of this state's long-held belief that the interests of justice are served when the financially deprived party to a divorce action is furnished with "the requisite means of prosecuting or defending the suit." *Sovereign v Sovereign,* 361 Mich 528, 534; 106 NW2d 146; 82 ALR2d 1083 (1960). To place attorneys in the position of weighing the risk of nonpayment on the basis of a prospective client's longevity would be inconsistent with this policy. Furthermore, an elderly needy spouse in poor health would find it next to impossible to find an attorney if counsel's right to fees depends upon the client's survival beyond the date of the final judgment of divorce. This is particularly so in cases where all property is jointly held and the death of the needy spouse results in that spouse's estate having no assets.

Further, a spouse who would otherwise be required to pay the attorney fees incurred by the needy or dependent spouse would reap a windfall upon the death of the needy spouse. Thus, even

were plaintiff's estate sufficient to pay the fees herein, there still remains the question "whether the intervention of the wife's death should shift the burden of this expense from the husband [in this case] to the wife's estate." *Williams, supra* at 234. Again, we see no reason to relieve a party to a divorce action who would otherwise be clearly responsible for the opposing party's attorney fees from this obligation simply because the latter party has died. In such a circumstance, there is no justification for depleting the estate of the needy spouse to the detriment of that spouse's heirs.

There remains the issue regarding the ability of plaintiff's counsel herein to petition for fees in his own right after his client's death. The pertinent court rule provides that payments may be made directly to an attorney for the spouse in need. MCR 3.206(A)(3). However, the rule states only that "either *party* may request that the court order the other spouse to pay an attorney a specified sum." MCR 3.206(A)(1) (emphasis added). Although the rule is silent with regard to the right of an attorney to seek compensation in his own right, such a procedure appears to have been recognized in *DePew, supra.* There, our Supreme Court framed the relevant issue as follows:

> Does the trial court have jurisdiction to entertain a petition of plaintiff wife's attorneys for fees where the plaintiff did not join in or authorize the filing of the said petition, which petition named both plaintiff and defendant as respondents and where the action had previously been dismissed due to the reconciliation of the parties? [*DePew, supra* at 163.]

As noted, the trial court was held to have jurisdiction to render the fee award after dismissal. *Id.* at 164. Accordingly, we hold that an attorney may

bring a motion for fees pursuant to MCL 552.13; MSA 25.93 in his own name where the client has died and the client would otherwise be entitled to have the attorney fees, or a portion thereof, paid by the other spouse.

Finally, we reach the question regarding the propriety of the fee award in this case. Defendant argues that plaintiff's counsel failed to make a showing of need. It is true that attorney fees in divorce actions are not recoverable as of right. *Kurz v Kurz*, 178 Mich App 284, 297; 443 NW2d 782 (1989). A party to a divorce action may be ordered to pay the other party's reasonable attorney fees if the record supports a finding that such financial assistance is necessary to enable the other party to defend or prosecute the action. MCL 552.13; MSA 25.93; MCR 3.206(A)(2); *Thames v Thames*, 191 Mich App 299, 310; 477 NW2d 496 (1991).

This Court has also held that an award of legal fees is authorized where the party requesting payment of the fees has been forced to incur them as a result of the other party's unreasonable conduct in the course of the litigation. See, e.g., *Thames, supra.* A trial court has the discretion to award such fees as are necessary and reasonable, and a court's determination in this regard will not be reversed on appeal absent an abuse of that discretion. *Id.; Zecchin v Zecchin*, 149 Mich App 723, 732; 386 NW2d 652 (1986).

In this case, defendant does not challenge the reasonableness of the fee. Rather, he argues that an award of fees was not necessary. We note that the trial court did not, in awarding the fees, make a specific finding of necessity. However, in light of the trial court's findings regarding plaintiff's income made in its October 17, 1989, opinion in connection with its decision to award alimony, and

in light of the court's conclusions at the hearing on the motion for fees regarding the unreasonableness of defendant's conduct during the litigation, we find sufficient evidence in the record to support the necessity of the fee award. See *Kurz, supra* at 297-298. We caution the trial courts, however, that specific findings regarding the necessity of a fee award should be made. Furthermore, counsel who petition for fees have a responsibility to make proposed findings and to call to the trial court's attention the need for such findings. In this case such oversights were harmless in light of the clear evidence of necessity in the record.

Affirmed.