# STATE OF MICHIGAN

# COURT OF APPEALS

LORI SHAFFER,

Plaintiff-Appellee,

v

KEVIN SHAFFER,

Defendant-Appellant.

UNPUBLISHED
November 13, 2014

No. 317268
Wayne Circuit Court
LC No. 10-111237-DM

Before: RIORDAN, P.J., and SAAD and TALBOT, JJ.

PER CURIAM.

In this action to enforce a judgment of divorce, Kevin Shaffer appeals as of right the trial court's award of attorney fees to Lori Shaffer. We affirm.

This case arises out of Lori's second motion to enforce a provision of the parties' consent judgment of divorce pertaining to a life insurance policy on Kevin for which the couple's minor children are the sole beneficiaries. The judgment of divorce indicated that Lori had been making the payments on the life insurance policy, that she would have the right to continue making payments or stop at any time, and that Kevin had no obligation to make payments. In her first motion to enforce the judgment of divorce, Lori asserted that Kevin refused to sign transfer documents and assist in transferring the life insurance policy to her as agreed. The bills for the policy had been sent to Kevin as the policy owner, and Lori could not pay the premiums because he had failed to transfer the account to her. As a result, the policy lapsed. Thereafter, the court ordered Kevin to "complete all necessary documents to transfer ownership and reinstate" the life insurance policy in question. The court also ordered Kevin to pay Lori attorney fees, as well as pay all "extra fees" in excess of the premium associated with reinstating the policy. The court further ordered that Kevin complete the documents that Lori's attorney had in his possession at the motion hearing before Kevin left the courtroom.

Lori subsequently filed a second motion to enforce the judgment of divorce again related to the life insurance policy. This motion argued that while the necessary documents had been provided, Kevin refused to submit to blood work and pay the expenses above and beyond the premium that are necessary for reinstatement of the life insurance policy. Lori also sought attorney fees. Kevin argued that he submitted the required blood sample, and that he had only been ordered at the last motion hearing to sign the documents that Lori's attorney had at that time, all of which he signed. The court found that Kevin violated the prior order of the court,

-1-

which clearly indicated that Kevin was to complete *all* steps necessary to reinstate the policy and pay all fees and costs required to reinstate the policy, including any increase in premium. Because of Kevin's failure to obey the prior court order, the court awarded Lori $1,800 in attorney fees.

Kevin first argues on appeal that the trial court erred in assessing attorney fees without first finding specific misconduct on his part. We disagree. "The award of attorney fees in a divorce action is within the trial court's discretion."[1] An abuse of discretion occurs when the trial court's decision is "outside the range of reasonable and principled outcomes."[2] When reviewing a decision regarding the grant or denial of attorney fees, this Court reviews findings of fact for clear error and questions of law de novo.[3]

Michigan follows the "American Rule," under which a party may not recover attorney fees from the opposing party unless a statute or court rule expressly authorizes the award.[4] In the instant case, the award of attorney fees was based on the common law rule that provides that a party may be awarded necessary and reasonable attorney fees when that party "has been forced to incur them as a result of the other party's unreasonable conduct in the course of the litigation."[5]

Kevin erroneously asserts that the trial court's award of attorney fees to Lori was improper because the trial court failed to articulate any specific misconduct resulting in his violation of the prior court order enforcing the judgment of divorce regarding the insurance policy. It is clear from the record that Kevin was ordered at the first enforcement hearing to complete all documents necessary to transfer ownership and reinstate the insurance policy in question, as well as pay all other fees associated with reinstating the policy. The court's statement to Kevin to sign the documents that Lori's attorney had in his possession before they left the courtroom was not exhaustive of what was required of him. Although the record at the second enforcement hearing could have been more detailed regarding the specific steps Kevin failed to complete and what additional steps would be needed, the record evidence establishes that Kevin was obstructive and defiant, and failed to complete all that was required to reinstate the life insurance policy as ordered. Thus, Lori has satisfied her burden to show that an award of attorney fees to her was proper because she was forced to incur such fees as a result of Kevin's

---

[1] *Maake v Maake*, 200 Mich App 184, 189; 503 NW2d 664 (1993).

[2] *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008).

[3] *Id*.

[4] *Smith v Smith*, 278 Mich App 198, 208; 748 NW2d 258 (2008) (citation omitted).

[5] *Stackhouse v Stackhouse*, 193 Mich App 437, 445; 484 NW2d 723 (1992).

"unreasonable conduct in the course of the litigation."[6]  Accordingly, there was no abuse of discretion by the trial court.[7]

Kevin also argues that, even if the trial court properly found misconduct on the record, the court impermissibly failed to hold a hearing to determine the reasonableness of the attorney fees.  We disagree.  The trial court is required to hold an evidentiary hearing when the requested attorney fees are contested "to determine what services were actually rendered, and the reasonableness of those services."[8]  "The party requesting attorney fees bears the burden of proving that they were incurred" and are reasonable.[9]  No hearing is necessary when there is no challenge to "the reasonableness of a fee request" or "the parties created a sufficient record to review the issue, and the court fully explained the reasons for its decision."[10]

Here, the trial court discussed the issue of the proper amount of attorney fees on the record.  The court based the award on statements made by Lori's attorney, as well as an invoice documenting her attorney's hourly rate of $250 and detailed entries totaling eight and a half hours of work related to the motion.  The time spent by Lori's attorney was devoted to corresponding with opposing counsel in an effort to avoid the motion, preparing the motion, and attending the hearing on the motion.  Although Lori requested just over $2,100 in attorney fees, the trial court found that $1,800 was reasonable.  Additionally, this Court would note that while Kevin asserted that there was no misconduct and that attorney fees should not be awarded, he never specifically asserted in the trial court that the requested fees were unreasonable.  Without a challenge to the reasonableness of the fees, the trial court was not required to hold a separate hearing.[11]  As such, there was no error by the trial court and remand for an evidentiary hearing is unnecessary.

Affirmed.

/s/ Michael J. Riordan
/s/ Henry William Saad
/s/ Michael J. Talbot

---

[6] *Id.*

[7] *In re Temple Marital Trust*, 278 Mich App at 128.

[8] *Reed v Reed*, 265 Mich App 131, 166; 693 NW2d 825 (2005).

[9] *Id.* at 165-166.

[10] *Head v Phillips Camper Sales & Rental, Inc*, 234 Mich App 94, 113; 593 NW2d 595 (1999).

[11] *Id.*