*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHARLES RAYMOND,

        Plaintiff-Appellee,

v

DONNA RAYMOND, also known as DONNA
VANDER MOLEN,

        Defendant-Appellant.

UNPUBLISHED
April 20, 2023

No. 361422
Kent Circuit Court
LC No. 20-007271-UN

Before: SHAPIRO, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order denying an award of attorney fees in a postdivorce proceeding. For the reasons set forth in this opinion, we remand this case to the trial court for consideration of defendant's motion for attorney fees under MCR 3.206(D).

## I. BACKGROUND

Plaintiff and defendant were divorced in November 2015 pursuant to a judgment of divorce entered by the Chesapeake Circuit Court in Virginia. The Virginia court granted defendant $2,000 in monthly spousal support until the death of either party or until defendant cohabited with another person in a relationship analogous to a marriage for a period of one year or more. During the pendency of the divorce, defendant moved to Michigan and started dating William Banaszak.

Plaintiff registered the out-of-state spousal-support order in Michigan and moved in the Kent Circuit Court to terminate spousal support because defendant cohabited with Banaszak for a period over a year or more. The parties litigated modification of spousal support over three evidentiary hearings spanning a year-long period. Instead of ruling on the merits, the trial court sua sponte held that it lacked subject-matter jurisdiction to modify the out-of-state spousal-support order. After the trial court denied plaintiff's motion to terminate spousal support, defendant moved for the entry of an order that plaintiff pay her attorney fees under MCR 3.206(D)(2)(a) and MCR 2.626. The trial court denied the motion without a hearing on the ground that it lacked subject-matter jurisdiction over the underlying action to modify spousal support. Defendant now appeals.

-1-

## II. STANDARD OF REVIEW

This Court reviews a trial court's decision to deny attorney fees for an abuse of discretion. *Loutts v Loutts*, 309 Mich App 203, 215-216; 871 NW2d 298 (2015). "An abuse of discretion occurs when the decision resulted in an outcome falling outside the range of principled outcomes." *Hayford v Hayford*, 279 Mich App 324, 325; 760 NW2d 503 (2008). This Court reviews for clear error the findings of fact on which the trial court based its decision. *Loutts*, 309 Mich App at 216. "The clear-error standard requires us to give deference to the lower court and find clear error only if we are nevertheless left with the definite and firm conviction that a mistake has been made." *Arbor Farms, LLC v GeoStar Corp*, 305 Mich App 374, 386-387; 853 NW2d 421 (2014) (quotation marks and citation omitted). Whether a court has jurisdiction is a matter of law that this Court reviews de novo. *In re Estate of Vansach*, 324 Mich App 371, 384; 922 NW2d 136 (2018). Additionally, this Court reviews de novo questions of statutory interpretation. *Hayford*, 279 Mich App at 325.

## III. ANALYSIS

Defendant argues that the trial court abused its discretion by denying attorney fees under MCR 3.206(D)(2) because it lacked subject-matter jurisdiction to modify the out-of-state spousal-support order. We agree.

Subject-matter jurisdiction "is the right of the court to exercise judicial power over that class of cases, not the particular case before it . . . ." *Joy v Two-Bit Corp*, 287 Mich 244, 253; 283 NW 45 (1938) (quotation marks and citation omitted). "[A]ll courts must upon challenge, or even sua sponte, confirm that subject-matter jurisdiction exists . . . ." *Reed v Yackell*, 473 Mich 520, 540; 703 NW2d 1 (2005). "A party may attack subject-matter jurisdiction at any time, and a proven lack of subject-matter jurisdiction renders a judgment void." *Usitalo v Landon*, 299 Mich App 222, 228; 829 NW2d 359 (2012). "[C]ircuit courts are presumed to have subject-matter jurisdiction unless jurisdiction is expressly prohibited or given to another court by constitution or statute." *In re Wayne Co Treasurer*, 265 Mich App 285, 291; 698 NW2d 879 (2005).

Michigan has adopted the Uniform Interstate Family Support Act (UIFSA), MCL 552.2101 *et seq*. MCL 552.2603 provides:

> (1) A support order or income-withholding order issued in another state or a foreign support order is registered when the order is filed in the registering tribunal of this state.
>
> (2) A registered support order issued in another state or a foreign country is enforceable in the same manner and is subject to the same procedures as an order issued by a tribunal of this state.
>
> (3) Except as otherwise provided in this act, a tribunal of this state shall recognize and enforce, *but may not modify*, a registered support order if the issuing tribunal had jurisdiction. [Emphasis added.]

After holding a three-day evidentiary hearing over a year-long period, the trial court sua sponte held that it lacked subject-matter jurisdiction to modify an out-of-state spousal-support

order because MCL 552.2603(3) prohibited a tribunal of this state from modifying the spousal-support order of another tribunal. The trial court correctly determined that it did not have the authority to modify the out-of-state support order. See MCL 552.2603(3). In relation to defendant's motion, the trial court denied consideration of attorney fees because it lacked subject-matter jurisdiction.

Cases from Michigan and other states, however, do not directly answer the question whether the trial court could award attorney fees under MCR 3.206 despite the dismissal of the underlying action for lack of subject-matter jurisdiction to modify spousal support.

The trial court is authorized by statute to order a party to pay attorney fees in domestic-relations cases. MCL 552.12; MCR 3.206. Under MCR 3.206(D), a party in domestic-relations proceedings may request that the court order the opposing party to pay attorney fees related to the case or proceeding. MCR 3.206(D) states in full:

> (1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

> (2) A party who requests attorney fees and expenses must allege facts sufficient to show that:

> (a) the party is unable to bear the expense of the action, including the expense of engaging in discovery appropriate for the matter, and that the other party is able to pay, or

> (b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply, or engaged in discovery practices in violation of these rules.

The award of attorney fees under MCR 3.206(D)(2) to a party is not dependent upon prevailing party status. Subpart (a) requires that a party demonstrate inability to bear the expense of the action and that the other party is able to pay. See *Colen v Colen*, 331 Mich App 295, 305, 307; 952 NW2d 558 (2020). This Court has discussed the purpose behind this rule:

> It is within the discretion of the trial court to award attorney fees in domestic relations cases. A party to a divorce action may be ordered to pay the other party's reasonable attorney fees if the record supports a finding that such financial assistance is necessary to enable the other party to defend or prosecute the action. An award of legal fees is also authorized where the party requesting the fees has been forced to incur them as a result of the other party's unreasonable conduct. The party requesting the attorney fees has the burden of showing facts sufficient to justify the award. [*Borowsky v Borowsky*, 273 Mich App 666, 687; 733 NW2d 71 (2007) (quotation marks and citations omitted).]

In *Stackhouse v Stackhouse*, 193 Mich App 437, 441-442; 484 NW2d 723 (1992), this Court held that the death of a party in a pending divorce action did not deprive the trial court of subject-matter jurisdiction to award attorney fees for the decedent-spouse's attorney. The plaintiff

died after the trial court issued an opinion but before the trial court entered judgment. *Id*. at 438. Nevertheless, the trial court awarded attorney fees to the decedent-plaintiff's attorney. *Id*. The defendant appealed the trial court's order for payment of attorney fees, arguing that the plaintiff's death stripped the trial court of jurisdiction to enter an order for payment of attorney fees. *Id*. at 439. This Court agreed that the trial court lacked jurisdiction to enter a judgment of divorce; but, it explained that fee awards do not equate with property settlements and alimony. *Id*. at 442. This Court reasoned that abating a claim for attorney fees along with the death of the spouse before entry of a judgment of divorce would have negative policy implications. *Id*. These policy implications included that an attorney's compensation should not be conditioned upon the survival of his client after the entry of a divorce judgment and that the defendant who would otherwise be clearly responsible for the opposing party's attorney fees would reap a windfall. *Id*. at 443-444. Further this Court explained that "the interests of justice are served when the financially deprived party to a divorce action is furnished with the requisite means of prosecuting or defending the suit." *Id*. at 443 (quotation marks and citation omitted).

In both this case and *Stackhouse*, the trial court did not have jurisdiction to enter an order regarding the underlying proceedings. *Stackhouse* is distinct because it involved the death of a party to the divorce. *Id*. at 438. Throughout those proceedings, the trial court had jurisdiction, but lost it upon the death of a party. In this case, under the UIFSA, the trial court had jurisdiction respecting the enforcement of a support order issued in another state, but it lacked jurisdiction to modify such order if the issuing tribunal had jurisdiction. MCR 3.206(D) plainly intends to provide a party in a domestic relations case who lacks the ability to bear the expense of litigation the requisite means to defend against an action both during and after proceedings, regardless of the party's success on the merits. As observed in *Stackhouse*, 193 Mich App at 443, "the interests of justice are served when the financially deprived party to a divorce action is furnished with the requisite means of prosecuting or defending the suit." (quotation marks and citation omitted). Despite the limitation of the trial court's authority to render a decision on the underlying dispute, defendant was forced to defend herself over an extended period. The lack of jurisdiction to modify the support award did not result in defendant not having to properly defend herself throughout the proceedings.

A party to a divorce is not entitled to attorney fees as a matter of right. See *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005). However, MCR 3.206(D)(2) permits a party to seek attorney fees from the other party in domestic-relations proceedings. A party requesting fees under the court rule must allege sufficient facts and bears the burden of establishing his or her inability "to bear the expense of the action . . . and that the other party is able to pay . . . ." MCR 3.206(D)(2). When fees are contested, the trial court must also make factual findings regarding the reasonableness of the fees incurred. *Reed*, 265 Mich App at 165-166.

In *Myland v Myland*, 290 Mich App 691, 702; 804 NW2d 124 (2010), the trial court made an error of law by denying the plaintiff's need-based request for attorney fees under MCR 3.206(D)(2)(a)[1] because the trial court believed that it should only award attorney fees if a

---

[1] At the time, the relevant statute was found under MCR 3.206(C)(2)(A).

party engaged in wasteful or egregious litigation. This Court remanded the case and directed that the trial court apply the correct legal analysis:

> It was incumbent upon the trial court to consider whether attorney fees were necessary for plaintiff to defend her suit, including whether, under the circumstances, plaintiff would have to invade the same spousal support assets she is relying on to live in order to pay her attorney fees and whether, under the specific circumstances, defendant has the ability to pay or contribute to plaintiff's fees. Thus, on remand, the trial court must apply the correct legal analysis, giving special consideration to the specific financial situations of the parties and the equities involved. [*Id*. at 703.]

In this case, the trial court declined considering an award of attorney fees solely because it lacked jurisdiction to modify the spousal-support order. In so doing, the trial court abused its discretion. See *Hayford*, 279 Mich App at 325. We remand this case to the trial court to address defendant's motion for attorney fees under MCR 3.206(D)(2)(a).

Defendant also argues that the trial court abused its discretion when it did not sua sponte order sanctions against plaintiff for bringing a frivolous claim. We disagree.

Because defendant did not preserve this issue by requesting sanctions in the trial court, this Court reviews for plain error affecting substantial rights. *Marik v Marik (On Remand)*, 325 Mich App 353, 359; 925 NW2d 885 (2018).

MCR 2.625(A)(2) provides that, "[i]n an action filed on or after October 1, 1986, if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591." MCL 600.2591 provides:

> (1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

> (2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

> (3) As used in this section:

> (a) "Frivolous" means that at least 1 of the following conditions is met:

> (*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

> (*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(*iii*) The party's legal position was devoid of arguable legal merit.

(b) "Prevailing party" means a party who wins on the entire record.

Defendant never moved for sanctions under MCR 2.625(A)(2) in the trial court. MCR 2.625(A)(2) conditions the award of sanctions on a party filing a motion and the court finding that the action or defense was frivolous. Without a motion, defendant failed to invoke any request for sanctions. The trial court did not err by failing to sua sponte address sanctions.

We reverse the trial court's order rejecting attorney fees and remand to the trial court for consideration of defendant's motion for attorney fees under MCR 3.206(D)(2). We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ James Robert Redford
/s/ Christopher P. Yates