KASBEN v HOFFMAN

Docket No. 272999. Submitted March 4, 2008, at Grand Rapids. Decided
    April 1, 2008, at 9:15 a.m.

William E. Kasben brought an action for divorce from Beryl W.
    Hoffman in the Leelanau Circuit Court. The court, Philip E.
    Rodgers, Jr., J., at various points in the divorce proceeding,
    awarded a total of more than $144,000 in attorney fees to
    Hoffman's lawyer, Gary R. Bergstrom. While the divorce action
    was pending, Hoffman filed for bankruptcy. The bankruptcy court
    placed $125,989.98 into escrow subject to disbursement orders by
    the circuit court, which in dividing the marital estate initially
    decided that Kasben should pay Hoffman more than $521,000,
    which included the more than $144,000 of Bergstrom's fees. Later
    on, the circuit court determined that Kasben was entitled to more
    than $565,000 as a credit for realty wrongfully sold by the
    bankruptcy trustee, resulting in Hoffman owing Kasben
    $44,445.08. The circuit court ordered $44,445.08 to be disbursed to
    Kasben from the funds in escrow and the remaining $81,534.90 in
    escrowed funds to be disbursed jointly to Bergstrom and Hoffman.
    Hoffman authorized Bergstrom to take that $81,534.90 as partial
    payment for his fees. Kasben appealed the decision of the circuit
    court, and the Court of Appeals, WHITBECK, C.J., and JANSEN and
    BANDSTRA, JJ., in an unpublished opinion per curiam, issued May
    30, 2006 (Docket Nos. 247297, 253201, 254295), determined that
    the circuit court had miscalculated the amount of Kasben's credit
    for the wrongfully sold realty. The Court decided that Kasben was
    "entitled to the full amount of the escrowed funds, $125,989.98"
    and ordered the circuit court "to enter a final order ruling that the
    $81,534.90 disbursed to Hoffman and her attorney by the trial
    court's October 2003 order be returned to Kasben." On remand,
    the circuit court concluded that the Court of Appeals order
    required it to hold Bergstrom and Hoffman jointly liable for the
    return of $81,534.90 to Kasben. Bergstrom appealed.

The Court of Appeals *held*:

1. The circuit court erred by concluding that the Court of
    Appeals prior judgment required the circuit court to hold Berg-
    strom and Hoffman jointly liable for the return of $81,534.90 to

Kasben. The Court of Appeals did not decide whether Bergstrom, Hoffman, or both Bergstrom and Hoffman should be held liable for the return of $81,534.90 to Kasben and left it to the circuit court to make that determination.

2. The circuit court was without authority to hold Bergstrom liable for the return of $81,534.90 to Kasben. Even though the circuit court may have ordered disbursement of $81,534.90 from the escrowed funds jointly to Hoffman and Bergstrom, those funds were for the benefit of Hoffman, who then directed Bergstrom to take them as partial payment for his fees. Absent allegations of fraud, a trial court in a divorce action may only adjudicate the rights of the spouses whose marriage is being dissolved. In the absence of fraud by Hoffman or conduct by Bergstrom that warrants holding him personally liable for returning $81,534.90 to Kasben, the circuit court was without authority to order Bergstrom to relinquish that sum on the sole basis that Bergstrom had been paid with funds that were later determined not to have belonged to Hoffman. The circuit court's order is vacated to the extent that it directed Bergstrom to return $81,534.90 to Kasben.

Vacated in part and affirmed in part.

1. DIVORCE — ATTORNEY FEES.

An award of attorney fees in a divorce action is intended to benefit the spouse who retained the attorney; where funds are held in escrow pending the division of the marital estate, an attorney for whom a spouse has received an award of attorney fees may take escrowed funds as payment for his or her fees only upon the consent of the client.

2. DIVORCE — THIRD PARTIES.

Absent allegations of fraud, the trial court in a divorce action may only adjudicate the right of the spouses whose marriage is being dissolved.

*Donald W. Garthe* for William E. Kasben.

*Scott Bassett* for Gary R. Bergstrom, PLC.

Before: FITZGERALD, P.J., and SMOLENSKI and BECKERING, JJ.

PER CURIAM. Gary R. Bergstrom, who formerly represented Beryl W. Hoffman in her divorce case, appeals

as of right the trial court's order making Bergstrom jointly liable with Hoffman for funds that the trial court had previously ordered disbursed to Bergstrom and Hoffman from an escrow account. The primary issue on appeal is whether the trial court properly determined that Hoffman and Bergstrom should be jointly liable for the return of the disbursed funds. Because we conclude that the trial court erred when it determined that this Court required it to hold Bergstrom and Hoffman jointly liable for the return of the funds and was otherwise without the authority to order Bergstrom to repay the funds, we vacate that portion of the trial court's order that held Bergstrom jointly liable for the repayment of the disbursed funds.

## I. FACTS AND PROCEDURAL HISTORY

Bergstrom represented Hoffman throughout a lengthy and contentious divorce. At various times throughout the lower-court proceedings, the trial court awarded Hoffman attorney fees. The fees were awarded on the basis of need, as well as on William E. Kasben's unreasonable conduct. The final award totaled more than $144,000.

During the divorce proceedings, Hoffman filed for bankruptcy protection. At the close of the bankruptcy estate, the bankruptcy court placed $125,989.98 into an escrow account pending an order for disbursement by the trial court hearing Hoffman's divorce. After calculating the value of the marital estate, the trial court determined that Kasben had to pay Hoffman more than $521,000, which included the more than $144,000 awarded in attorney fees. However, the trial court also determined that Kasben was entitled to more than $565,000 as a credit for real property wrongfully sold by Hoffman's bankruptcy trustee. As a result, the trial

court determined that Hoffman owed Kasben $44,455.08 and ordered $44,455.08 to be disbursed to Kasben from the funds in escrow. And the trial court ordered the remaining $81,534.90 to be disbursed jointly to Bergstrom and Hoffman. Hoffman apparently later authorized Bergstrom to negotiate the check and deposit the funds into his business account in partial satisfaction of his fees.

After Kasben appealed the final decision of the trial court, this Court concluded that the trial court miscalculated the amount of Kasben's credit for the wrongfully sold real estate. See *Kasben v Hoffman*, unpublished opinion per curiam of the Court of Appeals, issued May 30, 2006 (Docket Nos. 247297, 253201, 254295). Given this miscalculation, this Court concluded that Kasben was "entitled to the full amount of the escrowed funds, $125,989.98." *Id.* at 2. For that reason, it remanded the matter to the trial court with directions "to enter a final order ruling that the $81,534.90 disbursed to Hoffman and her attorney by the trial court's October 2003 order be returned to Kasben." *Id.*

On remand, the trial court concluded that this Court's order required it to hold Bergstrom jointly liable with Hoffman for the $81,534.90. Accordingly, it ordered Bergstrom and Hoffman to return the funds.

This appeal followed.

## II. ANALYSIS

Bergstrom first argues that the trial court erred when it concluded that this Court's opinion and order required the trial court to hold Bergstrom and Hoffman jointly liable for the return of the $81,534.90 in funds. Bergstrom further argues that, as a third party, he cannot be held liable for an overpayment to Hoffman. We agree.

When this Court disposes of an appeal by opinion or order, the opinion or order is the judgment of the Court. MCR 7.215(E)(1). And a lower court "may not take action on remand that is inconsistent with the judgment of the appellate court." *Grievance Administrator v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000). Rather, the trial court is bound to strictly comply with the law of the case, as established by the appellate court, "according to its true intent and meaning." *People v Blue*, 178 Mich App 537, 539; 444 NW2d 226 (1989). However, the law-of-the-case doctrine only applies to issues actually decided—implicitly or explicitly—on appeal. *Grievance Administrator, supra* at 260. Whether and to what extent the doctrine applies is a question of law that this Court reviews de novo. *Ashker v Ford Motor Co*, 245 Mich App 9, 13; 627 NW2d 1 (2001).

In the present case, this Court determined that the trial court erroneously calculated the credit owed to Kasben for the wrongful sale of his real property by Hoffman's bankruptcy trustee. On the basis of that conclusion, this Court determined that Kasben should have received the full $125,989.98 held in escrow. Accordingly, this Court remanded the matter to the trial court with directions "to enter a final order ruling that the $81,534.90 disbursed to Hoffman and her attorney by the trial court's October 2003 order be returned to Kasben." *Kasben, supra* at 2.

On remand, in an order dated on August 8, 2006, the trial court ordered Bergstrom and Hoffman to return the money disbursed to them from the escrow account. Although the August 8, 2006, order did not specifically state that Bergstrom was jointly and severally liable for the disbursed sum, the trial court apparently did provide for joint liability. In its order denying Bergstrom's

motion for reconsideration, the trial court explained that it agreed with Bergstrom's contention that it would be " 'grossly inequitable' to require him to return any of the $81,534.90," but that it had "no choice but to comply with the order of the Court of Appeals on remand." Hence, it is clear that the trial court determined that Bergstrom was liable for the full sum and that it believed that this Court's opinion required that result.

The trial court erred to the extent that it concluded that this Court's opinion directed it to hold Bergstrom jointly and severally liable for the $81,534.90 disbursed from the escrow account. It is clear that this Court determined that the $81,534.90 should not have been distributed to Bergstrom and Hoffman. But it is not clear that this Court determined that Bergstrom should be held liable for this sum. Indeed, this Court did not specifically identify who was liable for returning the funds. Rather, this Court merely directed the trial court to order the return of "the $81,534.90 disbursed to Hoffman and her attorney by the trial court's October 2003 order . . . ." By referring to "the" $81,534.90, this Court implicitly assumed that the funds were still identifiable and available for return. Unfortunately, by the time of this Court's decision on appeal, the disbursed funds had been used to pay part of the debt owed by Hoffman to Bergstrom for services rendered. Furthermore, even if the reference to the "return" of "the $81,534.90" could be construed to mean "repay an amount equal to $81,534.90," it is clear that this Court did not specify who was liable for repaying this amount. Because this Court's opinion did not explicitly or implicitly decide whether Bergstrom, Hoffman, or both Bergstrom and Hoffman should be liable for the sum in the event that the disbursed funds had been spent, the trial court had to independently address this issue on

remand. Therefore, the trial court erred to the extent that it concluded that this Court required it to hold Bergstrom jointly and severally liable to Kasben for the full sum. Furthermore, because we conclude that, under the facts of this case, the trial court was without the authority to independently order Bergstrom to repay the $81,534.90, we decline to remand this matter for further consideration.

At the close of Hoffman's bankruptcy, there were more than $125,000 remaining for disbursement. However, rather than disburse the funds directly to Hoffman or Kasben, in March 2003, the bankruptcy court ordered the funds to be deposited in escrow for disbursement according to future rulings by the trial court in the divorce action. In June 2003, Kasben filed a motion asking the trial court to order the payment of the escrowed funds to him. In the motion, Kasben argued that he was entitled to the entire amount as restitution for Hoffman's wrongful sale of his interest in certain real property. However, the trial court eventually determined that Kasben was only entitled to $44,455.08 of the escrowed funds. Hence, at this point, the trial court effectively determined that $44,455.08 of the escrowed funds rightfully belonged to Kasben and the remaining balance of $81,534.90 rightfully belonged to Hoffman. Although Hoffman clearly owed Bergstrom a substantial sum for his fees, the trial court did not order the payment of those fees from Hoffman's share of the escrowed funds.

An attorney may receive property that belongs to his or her client or a third party. In such cases, the attorney has a duty to notify all interested parties, safeguard the property, and promptly distribute the property to the rightful owners. See MRPC 1.15. Further, even if an attorney has a claim against funds held for a client, the

attorney may not unilaterally seize the funds. Rather, the attorney must hold the funds separately until the dispute is resolved. MRPC 1.15(c). Hence, Bergstrom had no right to unilaterally take payment of his fees from the disbursed money. Instead, Bergstrom had to obtain Hoffman's permission or an order from the court before he could pay himself from the disbursed funds. Consequently, although the funds were ostensibly disbursed to Bergstrom and Hoffman jointly, the disbursement belonged to Hoffman until Bergstrom obtained authorization to use the funds to pay his fees.

Furthermore, even if the trial court had ordered the disbursement directly to Bergstrom for the payment of his fees, that disbursement still would have been for the benefit of Hoffman. An award of attorney fees in a divorce action is intended to benefit the spouse, who would otherwise be liable for them. See MCL 552.13(1) (granting the trial court authority to order one spouse to pay the other spouse's attorney fees in order "to enable the adverse party to carry on or defend the action."); see also MCR 3.206(C). Although the trial court correctly noted that there were precedents that indicate that a trial court can order a party to directly pay fees to an attorney, those precedents do not alter the fact that the payment is invariably for the benefit of the client or the client's estate. See *DePew v DePew*, 373 Mich 162; 128 NW2d 533 (1964) (noting that the trial court had jurisdiction to order the husband to pay his wife's attorney fees even after the parties' reconciled and dismissed the complaint), and *Stackhouse v Stackhouse*, 193 Mich App 437, 439-445; 484 NW2d 723 (1992) (holding that the death of a dependent spouse does not divest the trial court of jurisdiction to order the surviving spouse to pay the dependent spouse's attorney fees and that the attorney may request the fees in his own name). Therefore, even if the trial court had

explicitly ordered disbursement directly to Bergstrom as payment for his fees, it would still have been for the benefit of Hoffman.

"Absent allegations of fraud, the trial court in a divorce action may only adjudicate the rights of the spouses whose marriage is being dissolved." *Reed v Reed*, 265 Mich App 131, 157-158; 673 NW2d 825 (2005). Hoffman and Kasben were parties to the divorce; hence, the trial court had the authority to compel them to transfer assets to each other. But a trial court normally does not have the authority to adjudicate the rights of third parties. *Id.* In this case the trial court authorized the disbursement of funds to Hoffman or on her behalf, and Hoffman elected to authorize Bergstrom to use the funds to pay a portion of his fees. And there are no allegations that Hoffman fraudulently transferred the funds at issue or that Bergstrom otherwise engaged in conduct that might warrant holding him personally liable to restore the funds to Kasben. See, e.g., *In re Contempt of Calcutt*, 184 Mich App 749; 458 NW2d 919 (1990) (holding both a party and his attorney liable to repay funds withdrawn in violation of a stay where the attorney violated this Court's orders and concealed the fund); *Donahue v Donahue*, 134 Mich App 696, 704-705; 352 NW2d 705 (1984) (noting that a trial court may adjudicate the rights of third parties who conspired with the husband to defraud the wife of her rightful share of the marital estate); *Morris Pumps v Centerline Piping, Inc*, 273 Mich App 187, 202; 729 NW2d 898 (2006) (noting that a court may impose a constructive trust when necessary to do equity or avoid unjust enrichment, but that such a trust may not be imposed on a party who has not contributed to the reasons underlying the imposition of the trust). Once Hoffman authorized Bergstrom to take his fees out of the disbursed funds, those funds became Bergstrom's

property. And the trial court was without the authority to order Bergstrom to relinquish his property on the sole basis that he was paid with funds that were later determined not to have belonged to Hoffman. Rather, the trial court's authority only extended to ordering Hoffman to repay the funds that were erroneously disbursed for her benefit.

Therefore, the trial court erred to the extent that it held Bergstrom liable to repay the $81,534.90 erroneously disbursed to Hoffman. Because of our resolution of this issue, we need not address Bergstrom's remaining argument on appeal.

### III. CONCLUSION

To the extent that the trial court determined that this Court required it to hold Bergstrom and Hoffman jointly and severally liable for the return of the $81,534.90, it erred. Furthermore, because the trial court did not have the authority to adjudicate the rights of third parties, it erred when it ordered Bergstrom to pay Hoffman's debt to Kasben on the sole basis that the funds Hoffman used to pay Bergstrom rightfully belonged to Kasben. For these reasons, we vacate the trial court's order of August 4, 2006, to the extent that it ordered Bergstrom to return the $81,534.90 or otherwise compensate Kasben for the money erroneously distributed to Hoffman. In all other respects, we affirm the order.

Vacated in part and affirmed in part.