# STATE OF MICHIGAN

# COURT OF APPEALS

RICKY L. JONES, as the Personal Representative
of the Estate of AVA ANNMARIE JONES,
Deceased,

UNPUBLISHED
October 16, 2014

Plaintiff-Appellant,

v

No. 318573
Chippewa Circuit Court
LC No. 11-011966-NO

ELAINE BITNER,

Defendant-Appellee.

Before: MURPHY, P.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM.

In this suit for wrongful death, plaintiff, the Estate of Ava Annmarie Jones, through its personal representative, Ricky L. Jones, appeals by right the trial court's order dismissing its claim against defendant, Elaine Bitner, and denying its motion for leave to file an amended complaint. Because we conclude there were no errors warranting relief, we affirm.

## I. BASIC FACTS

In October 2008, a team of law enforcement personnel began to use an informant to purchase morphine pills from Ava Jones' mother, Kelly Ann Jones, at the residence that she shared with Ava. Ava Jones was approximately two and one-half years old at the time.

On December 8, 2008, Kelly Jones found Ava unresponsive and not breathing. Emergency medical personnel were unable to revive Ava and she died. A later autopsy revealed that she had died from an overdose of morphine.

In December 2011, the Estate sued Bitner. The Estate alleged that, as a police officer, Bitner had a duty under MCL 722.623(1)(a) to protect Ava Jones from her mother by reporting her to the Department of Human Services. The Estate claimed that Bitner knew facts that gave her reasonable cause to believe that Ava's mother was abusing or neglecting her; specifically, that by keeping dangerous pills in her home, Kelly Jones was subjecting Ava to an unreasonable risk of harm. Bitner's failure to report Kelly Jones, the Estate further maintained, amounted to gross negligence.

-1-

In response, Bitner moved for summary disposition under MCR 2.116(C)(8). Bitner argued that the Estate's claim had to be dismissed because, on the face of the Estate's complaint, there were no allegations that, if true, would establish that Bitner breached her duty to report under MCL 722.623(1)(a); merely possessing and selling morphine pills, she stated, is not itself evidence that Kelly Jones "had or would intentionally injure or mistreat her daughter." Bitner also noted that the Estate alleged that Ava Jones died from an overdose of morphine pills, which her mother deliberately or negligently provided to her. Because the Estate essentially admitted that Ava's mother's actions caused Ava's death, the Estate would not be able to establish that Bitner's failure to report Kelly Jones was the one most efficient and direct cause of Ava's death. Accordingly, Bitner maintained, the Estate could not overcome Bitner's governmental immunity. For all these reasons, Bitner asked the trial court to dismiss the Estate's claim.

In April 2012, the trial court held a hearing on Bitner's motion. The trial court determined that the Estate had properly alleged a claim premised on Bitner's failure to report as required by MCL 722.623. The trial court also determined that the governmental tort liability act, see MCL 691.1407(2), did not apply to MCL 722.623. The trial court entered an order denying Bitner's motion later that same month. The trial court amended its order in May 2012 to clarify that it had also denied Bitner's motion under MCR 2.116(C)(7).

Bitner appealed to this Court. See *Jones v Bitner*, 300 Mich App 65; 832 NW2d 426 (2013). On appeal, this Court held that the duty imposed under MCL 722.623 "must be read in conjunction with, and is therefore limited by, the governmental immunity statute." *Id.* at 77. Under that statute, a governmental employee is immune from suit unless, in relevant part, the employee's act or omission amounted to "gross negligence that is the proximate cause of the injury or damage." MCL 691.1407(2)(c). In order to be "the" proximate cause, as opposed to "a" proximate cause, the employee's act or omission must have been " 'the one most immediate, efficient, and direct cause' of the plaintiff's injuries." *Jones*, 300 Mich App at 75, quoting *Robinson v Detroit*, 462 Mich App 439, 446; 613 NW2d 307 (2000). Because the Estate alleged that Kelly Jones "either intentionally administered a lethal amount of morphine to Ava or allowed Ava to come into contact with morphine pills and then failed to seek assistance," the Court determined, "it follows that [Bitner's] alleged failure to report could *not* have been the proximate cause of Ava's death and that plaintiff's claim is barred by immunity granted by law." *Jones*, 300 Mich App at 78. Notwithstanding this, the Court determined that it would be appropriate to remand the case back to the trial court in order to give the Estate an opportunity to amend its complaint to include allegations that might meet the appropriate standard. *Id.*

After remand, in July 2013, the trial court entered an order dismissing the Estate's claim against Bitner, but also giving the estate 21 days to apply for leave to amend its complaint. In August 2013, the Estate moved for leave to amend its complaint. In its proposed amended complaint, the Estate named additional officers. It again alleged that Kelly Jones "negligently allowed the decedent to have access to or deliberately provided morphine pills to the decedent." While it still claimed that the officers breached their duty to report under MCL 722.623, it now alleged that the breach of that duty by the officers amounted to gross negligence that "was the direct and proximate cause of the death of decedent."

The trial court held a hearing on the Estate's motion for leave to amend in September 2013. After hearing the parties' arguments, the trial court determined that permitting the amendment would be futile because there were no allegations of fact within the complaint beyond that "alleged against Officer Bitner, which the Court of Appeals found that those specific facts against Bitner couldn't rise to the level of proximate cause." "And," the court continued, "there is no specific fact pattern here that I see, that would infer any proximate cause, causation on [the officers] at this point."

Consistent with its decision after oral arguments, the trial court entered an order denying leave to amend and dismissing the Estate's claims with prejudice later that same month.

The Estate now appeals.

## II. LEAVE TO AMEND

### A. STANDARDS OF REVIEW

On appeal, the Estate argues that the trial court erred when it refused to allow it to amend its complaint. This Court reviews a trial court's decision on a motion for leave to amend for an abuse of discretion. *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997). This Court, however, reviews de novo the proper interpretation and application of the court rules. *Brecht v Hendry*, 297 Mich App 732, 736; 825 NW2d 110 (2012).

### B. ANALYSIS

The Estate maintains that the trial court had to accept its amended complaint because it filed the amended complaint before Bitner filed her first responsive pleading. See MCR 2.118(A)(1). Although Bitner did not file a responsive pleading after the prior appeal in this Court, she did not have to because this Court held that it was proper to dismiss the Estate's claim under MCR 2.116(C)(7). *Jones*, 300 Mich App 78 n 4. Further, this Court specifically remanded the case to give the Estate the opportunity to seek "leave to amend" its complaint after which the trial court should examine whether "amendment would be futile." *Id.*

The trial court complied with this Court's judgment by entering an order dismissing the Estate's claim against Bitner while providing the Estate with an opportunity to seek leave to file an amended complaint that did not suffer from the same flaw as the original complaint. See *Kasben v Hoffman*, 278 Mich App 466, 470; 751 NW2d 520 (2008) (stating that lower courts may not take any actions that are inconsistent with the judgment of the appellate court). Under these circumstances, the trial court had to determine whether the proposed amended complaint alleged facts sufficient to cure the defect in the prior complaint and, for that reason, the trial court did not err to the extent that it refused to accept the Estate's amended complaint as a matter of right under MCR 2.118(A)(1).

We also do not agree that the trial court abused its discretion when it refused to accept the Estate's proposed amended complaint. *Weymers*, 454 Mich at 654. On appeal, the Estate continues to emphasize that there is ample evidence to support a finding that the officers breached their duty to report under MCL 722.623. But the issue before the trial court was not whether the Estate pleaded facts that, if true, would establish that the officers breached their duty

-3-

to report. The issue was whether the Estate continued to allege facts that—on the face of the complaint—established that the claim was barred by governmental immunity, which would entitle the officers to dismissal under MCR 2.116(C)(7). See *Patterson v Kleiman*, 447 Mich 429, 434; 526 NW2d 879 (1994) (explaining that a challenge under MCR 2.116[C][7] can be premised on the pleadings alone). Because the Estate essentially pleaded facts in its original complaint that, if true, served as an absolute bar to its own claim, the trial court had to determine whether the Estate's proposed amended complaint suffered from the same fatal defect.

The Estate did not have to plead in avoidance of governmental immunity because the burden to establish individual governmental immunity is on the governmental employee. See *Odom v Wayne County*, 482 Mich 459, 479; 760 NW2d 217 (2008). Nevertheless, in its original complaint and its proposed amended complaint, the Estate alleged that Kelly Jones either directly provided the morphine pills to Ava or negligently allowed Ava to get the pills, which led to Ava's overdose. It further failed to allege any facts that showed that the officers' failure to report—notwithstanding Kelly Jones' direct role in the tragedy—constituted the one most direct and efficient cause of Ava's death. Thus, accepting the allegations within the proposed amended complaint as true, the complaint established that the one most efficient and direct cause of Ava's death was her mother's intentional or negligent acts. Accordingly, even if the trial court had allowed the Estate to file its proposed amended complaint, it would have had to dismiss the complaint on the officers' motion for summary disposition. See MCR 2.116(C)(7). Given the allegations in the proposed amended complaint, the trial court did not abuse its discretion when it denied as futile the Estate's motion for leave to amend. *Weymers*, 454 Mich at 658.

There were no errors warranting relief.

Affirmed. As the prevailing party, Bitner may tax her costs. MCR 7.219(A).

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Michael J. Kelly

-4-