# STATE OF MICHIGAN

# COURT OF APPEALS

STEPHANIE KATHLEEN KAEB,

        Plaintiff-Appellee,

v

DARIN LEE KAEB,

        Defendant-Appellant.

UNPUBLISHED
October 19, 2017

No. 333599
Ottawa Circuit Court
LC No. 09-066151-DM

Before: MURRAY, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order granting plaintiff's motion for attorney fees pursuant to MCR 2.114(D)(2) and (3), MCR 2.114(E), and MCR 3.206(C)(2)(a) and (b). We affirm.

## I. FACTS AND PROCEDURAL HISTORY

This appeal is the subject of acrimonious postjudgment divorce proceedings. The parties married in 1997, and a consent judgment of divorce was entered in 2010. From 2011 to 2013, plaintiff and defendant participated in extensive litigation regarding child support, child custody, and parenting time. In August 2013, approximately two months after a previous decision regarding parenting time, defendant moved the trial court to amend its parenting-time order to eliminate the requirements that he attend Alcoholics Anonymous and counseling. In response, plaintiff argued that defendant could not demonstrate proper cause or a material change in circumstances sufficient to justify modification of parenting time and requested an award of attorney fees and costs for responding to this frivolous motion. The trial court agreed that defendant had failed to demonstrate proper cause or material change and ordered defendant to pay plaintiff's attorney fees and costs in the amount of $2,090. However, the trial court also stated that it was a waste of time to order counseling when defendant was not motivated to benefit from it, and removed both conditions from the parenting-time order.

Defendant appealed the trial court's order granting attorney fees and costs, which resulted in *Kaeb v Kaeb*, 309 Mich App 556; 873 NW2d 319 (2015) (*Kaeb I*). This Court determined that, although the trial court did not cite the authority upon which it relied to determine that defendant's motion was frivolous, it was evident that the trial court ordered sanctions pursuant to MCR 2.114(D)(2). We limited our review accordingly and, in a footnote, further explained that we expressed no opinion regarding whether the proffered evidence would be sufficient to support

-1-

an award of sanctions under MCR 2.114(D)(3). As to the issue on appeal, we ultimately concluded that the trial court erred in awarding attorney fees and costs under MCR 2.114(D)(2) because defendant had demonstrated proper cause and, accordingly, his motion was not without legal basis. We reversed the trial court's award of attorney fees and remanded for further proceedings consistent with our opinion.

On remand, the trial court vacated its order requiring defendant to pay plaintiff's attorney fees and costs. However, plaintiff subsequently requested that the trial court reconsider its award of attorney fees and costs under MCR 2.114(D)(3), based upon defendant's August 2013 motion. Plaintiff also moved the trial court for attorney fees and costs pursuant to MCR 2.114(D)(2) based upon defendant's March 2013 motion to clarify a parenting-time order, pursuant to MCR 3.206(C)(2)(b) based upon defendant's alleged failure to comply with the trial court's June 20, 2013 order to produce his 2012 tax returns, and pursuant to MCR 3.206(C)(2)(a) based upon plaintiff's inability to pay her attorney fees. The trial court ultimately granted each of plaintiff's requests and ordered defendant pay plaintiff $27,651.97 in attorney fees and costs.

Defendant now appeals.

## II. SCOPE OF REMAND

Defendant first argues that the trial court exceeded the scope of its authority upon remand when it reconsidered its award of attorney fees and costs based upon his August 2013 motion pursuant to MCR 2.114(D)(3).

This Court reviews de novo whether the trial court followed this Court's ruling on remand. *Schumacher v Dep't of Natural Resources (After Remand)*, 275 Mich App 121, 127; 737 NW2d 782 (2007). "It is the duty of the lower court or tribunal, on remand, to comply strictly with the mandate of the appellate court." *K & K Constr, Inc v Dep't of Environmental Quality*, 267 Mich App 523, 544-545; 705 NW2d 365 (2005) (quotation marks and citation omitted). The trial court must comply with this Court's mandate according to its "true intent and meaning." *Kasben v Hoffman*, 278 Mich App 466, 470; 751 NW2d 520 (2008) (quotation marks and citation omitted). This duty applies only to issues implicitly or explicitly decided by this Court. *Schumacher (After Remand)*, 275 Mich App at 128. Accordingly, the trial court is able to consider and decide "any matters left open" by the remand. *Grievance Administrator v Lopatin*, 462 Mich 235, 261; 612 NW2d 120 (2000).

We hold that the trial court did not exceed the scope of our remand. In *Kaeb I*, 309 Mich App at 574, we instructed the trial court to vacate its order requiring defendant to pay attorney fees and costs to plaintiff under MCR 2.114(D)(2), and it did so. The trial court's subsequent reconsideration of the award under MCR 2.114(D)(3) is entirely consistent with *Kaeb I*. This Court did not express an opinion as to whether the evidence would justify an award of attorney fees and costs pursuant to MCR 2.114(D)(3), purposefully leaving open such a possibility for the trial court to further explore. See *Lopatin*, 462 Mich at 261; *Kasben*, 278 Mich App at 470. Because the trial court is able to address any matters left open by remand, it did not err in reconsidering the attorney fees and costs award pursuant to MCR 2.114(D)(3).

## III. LACHES

-2-

The trial court also did not err in its determination that laches did not bar plaintiff's 2016 motion for attorney fees. This Court reviews de novo whether the trial court properly applied an equitable doctrine, such as laches, to the facts of the case. *Knight v Northpointe Bank*, 300 Mich App 109, 113; 832 NW2d 439 (2013). "The doctrine of laches is triggered by the plaintiff's failure to do something that should have been done under the circumstances or failure to claim or enforce a right at the proper time." *Attorney General v PowerPick Club*, 287 Mich App 13, 51; 783 NW2d 515 (2010). Laches is not triggered by the lapse of time alone. *Knight*, 300 Mich App at 114-115. It applies where there has been an unexplained delay in commencing an action and a corresponding change of material condition that results in prejudice to the defendant. *PowerPick Club*, 287 Mich App at 51. The defendant bears the burden of proving that the plaintiff's lack of due diligence resulted in prejudice to the defendant. *Twp of Yankee Springs v Fox*, 264 Mich App 604, 612; 692 NW2d 728 (2004). The delay resulting in prejudice must be of such a character as to render it inequitable for the trial court to enforce the plaintiff's right. *Knight*, 300 Mich App at 115.

In the present case, plaintiff repeatedly requested attorney fees and costs from 2011 to 2013, when defendant appealed the trial court's initial attorney-fee award. Upon remand in 2015, plaintiff moved the trial court to resolve these outstanding requests. Even if this delay constituted a lack of due diligence, and we are not convinced that it did, defendant has failed to demonstrate that this delay caused him any prejudice. Defendant claims only that he "[p]erhaps" would not have appealed the first order for attorney fees if he had known he was facing an additional claim for attorney fees after appeal. However, defendant was aware of plaintiff's multiple requests for attorney fees and that these requests were unresolved at the time of his appeal. Defendant was not inhibited in his ability to defend himself against these claims by virtue of plaintiff's delay. A tentative claim that he may not have appealed an earlier order based on the possibility that plaintiff may file and succeed on a motion for attorney fees is not the type of prejudice that renders it inequitable for the trial court to hear plaintiff's claim. See *Knight*, 300 Mich App at 115.

## IV. ATTORNEY FEE AWARDS

Defendant also posits several arguments concerning the trial court's findings as to each award. This Court reviews a trial court's grant or denial of attorney fees for an abuse of discretion, *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005), the same standard we apply to the timeliness of a motion for sanctions, *In re Costs and Attorney Fees*, 250 Mich App 89, 107; 645 NW2d 697 (2002). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Smith v Smith*, 278 Mich App 198, 207; 748 NW2d 258 (2008). This Court reviews the underlying facts upon which the trial court's order was based for clear error. *Reed*, 265 Mich App at 164. A finding is clearly erroneous if this Court "is left with the definite and firm conviction that a mistake has been made." *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989). Further, issues of statutory interpretation and the interpretation of court rules are reviewed de novo. *Bint v Doe*, 274 Mich App 232, 234; 732 NW2d 156 (2007).

"Under the 'American rule,' attorney fees are not recoverable as an element of costs or damages unless expressly allowed by statute, court rule, common-law exception, or contract." *Reed*, 265 Mich App at 164. A trial court may sanction a party under MCR 2.114(E) for a

document signed in violation of MCR 2.114(D). MCR 2.114(D) states that, when a party signs a document, the party certifies that

> (1) he or she has read the document;

> (2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or good-faith argument for the extension, modification, or reversal of existing law; and

> (3) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

When a party violates MCR 2.114(D), the trial court must sanction the party but has the discretion to fashion an appropriate sanction, "which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees." MCR 2.114(E).

In domestic relations cases, the trial court may also order a party to pay the opposing party's attorney fees and costs pursuant to MCR 3.206(C), which provides:

> (1) A party may, at any time, request that the court order the order party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

> (2) A party who requests attorney fees and expenses must allege facts sufficient to show that

> (a) the party is unable to bear the expense of the action, and that the other party is able to pay, or

> (b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply.

"This Court has interpreted [MCR 3.206(C)(2)(a)] to require an award of attorney fees in a divorce action only as necessary to enable a party to prosecute or defend a suit." *Myland v Myland*, 290 Mich App 691, 702; 804 NW2d 124 (2010) (quotation marks and citation omitted). Where a party is relying on assets for support, she is not required to invade those assets to satisfy attorney fees. *Id.* "[A] party sufficiently demonstrates an inability to pay attorney fees when that party's yearly income is less than the amount owed in attorney fees." *Id.* However, this is "merely an example of one way a party may demonstrate an inability to pay," and evidence that a party's yearly income exceeds the amount owed in attorney fees is not dispositive of the issue. *Loutts v Loutts (After Remand)*, 309 Mich App 203, 217; 871 NW2d 298 (2015). A trial court should assess the particular facts and circumstances of each case and determine "whether, under the circumstances, [the party] would have to invade the same spousal support assets she is relying on to live in order to pay her attorney fees[.]" *Id.* at 217-218, quoting *Myland*, 290 Mich App at 703.

When considering an attorney-fees award under these court rules, the trial court must make factual findings regarding the reasonableness of the fees incurred as a result of a party's misconduct. *Reed*, 265 Mich App at 165-166. The party making the attorney-fees request bears the burden of proving that they were incurred and that they are reasonable. *Id.* When the opposing party objects to the reasonableness of the attorney-fees request, the trial court must conduct an evidentiary hearing to determine the services rendered and the reasonableness of those services. *Id.* at 166.

Here, the trial court held an evidentiary hearing regarding plaintiff's motion for attorney fees and costs. Plaintiff presented her itemized billing statements, as well as a document allocating the billing items to each of her four requests. The trial court later rendered a written opinion containing factual findings as to each request, a determination that plaintiff's attorneys' fee rates were reasonable, a determination that the number of hours expended was reasonable, and a calculation as to the attorney fees and costs incurred concerning each request. The trial court used plaintiff's itemized billing statements as evidence of the amount of hours expended in relationship to each request.

The trial court held that plaintiff was entitled to $4,639.66 pursuant to MCR 2.114(D)(2), for responding to defendant's March 2013 motion to clarify parenting time. The trial court found defendant's motion frivolous, as it was based on a blatant mischaracterization of the trial court's parenting-time order. It further found that defendant issued a notice of hearing on this motion despite never scheduling a hearing.

On appeal, defendant argues that the trial court's award pursuant to MCR 2.114(D)(2) was error because there was no evidence that defendant intentionally sent a hearing notice without scheduling a hearing, and because there was no evidence that plaintiff's attorneys expended more than $412.50 in responding to the notice of hearing. Defendant mischaracterizes the trial court's ruling. The trial court found that defendant's March 2013 motion was without legal basis, justifying an award pursuant to MCR 2.114(D)(2). The notice of hearing was an *additional cost* incurred because of defendant's misconduct in filing a motion without legal basis. Accordingly, the award for this request is more than $412.50 because it contains all of the fees and costs incurred due to defendant's March 2013 motion, not only the faked notice of hearing. Defendant also argues that there was no evidence presented as to what attorney fees and costs were directly related to the March 2013 motion. However, as described above, the trial court used plaintiff's itemized billing statements and allocation document to reach this conclusion.

The trial court next held that plaintiff was entitled to $3,012.31 pursuant to MCR 2.114(D)(3) for responding to defendant's August 2013 motion to remove the AA and counseling requirements from the trial court's parenting-time order. The trial court found that defendant filed this motion in order to harass plaintiff and increase the costs of litigation, as demonstrated by his statements to plaintiff that he would "bury" her financially. On appeal, defendant argues that this threat should not have supported an award under MCR 2.114(D)(3) because plaintiff also filed motions throughout the course of the litigation. However, there is no evidence in the record that plaintiff's motions were filed for an improper purpose, whereas there is ample evidence of defendant's threatening attitude and harassment of plaintiff.

The trial court next held that plaintiff was entitled to $2,936.05 pursuant to MCR 3.206(C)(2)(b) for defendant's failure to comply with the trial court's June 13, 2013 order to produce his 2012 tax returns. The trial court found that defendant was ordered to produce his 2012 tax returns and failed to do so at the July 2013 hearing, an accurate reflection of the record. Defendant argues that he did not refuse to comply with the court order, as he filed a motion for protective order regarding the 2012 tax return before the July 2013 hearing. We decline to reverse plaintiff's award of fees based on defendant's motion for protective order, filed four months after plaintiff's initial request for the document and a month after agreeing to produce the return, especially when considering the motion consisted of unsupported allegations that plaintiff regularly disclosed information gathered during the proceedings to third parties, and that the 2012 tax return contained business secrets. See MCR 2.302(C) (requiring a party seeking protective order to demonstrate good cause for the protective order).

We also reject defendant's argument that the trial court failed to provide adequate findings of fact connecting the misconduct to the resultant attorney fees and costs. The trial court's opinion contained sufficient facts and analysis to make the requisite connection between the costs awarded and the offending documents. Although there was an overlapping nature of some of the motions involved, the trial court's opinion broke down its award between the different motions and provided adequate justification – in conjunction with the record evidence – to support the awards.

Finally, the trial court did not err in holding that plaintiff was entitled to $20,000 pursuant to MCR 3.206(C)(2)(a). The trial court found that, given their significant disparities in income, plaintiff's assumption of credit card debt and a home equity loan to pay attorney fees, and defendant's lack of debt, plaintiff was unable to pay her attorney fees and defendant was able to pay them. Defendant argues that the trial court erred in awarding attorney fees and costs pursuant to MCR 3.206(C)(2)(a), because plaintiff's yearly income exceeded the amount of the attorney fees and costs. While true, that is not dispositive of plaintiff's ability to pay her attorney fees. *Loutts (After Remand)*, 309 Mich App at 217. As the trial court found, plaintiff acquired significant debt to pay her attorney fees and had a substantially lower income than defendant. Plaintiff's adjusted gross income for 2013 and 2014 was $91,795[1] and $48,628 respectively. On this income, plaintiff was responsible for childcare for three children, a $1,200 monthly mortgage payment, $1,600 monthly credit card payments, and a $200 monthly interest payment on her home equity loan. Plaintiff had ceased paying her attorney fees, with a remaining balance of approximately $8,000 to $10,000. And although plaintiff received approximately $2,500 monthly in child support, she was not required to invade this resource in order to pay her attorney fees. *Id.* at 217-218.[2] Based on this evidence, the trial court did not err in finding that plaintiff was unable to pay her attorney fees.

_____

[1] Plaintiff's 2013 income was dramatically increased due to a $30,000 IRA disbursement from an inheritance.

[2] The trial court did not err by not altering the parties' incomes according to the child-support payments. There is no authority requiring the trial court to consider child-support payments as

-6-

The trial court also did not clearly err in finding that defendant was able to pay the attorney fees. The record established that defendant's adjusted gross income was much higher than plaintiff's, at $137,339 and $156,463 for 2013 and 2014, respectively. Defendant also had no significant debt. Defendant argues on appeal that his inability to pay was demonstrated by his accountant's testimony that there were times that defendant was unable to pay quarterly taxes. However, defendant's accountant testified at the evidentiary hearing concerning defendant's income after tax and estimated it to be $77,827 and $103,751. Even accounting for this difference, defendant was significantly out-earning plaintiff and, excluding a one-time inheritance, typically earning at least twice plaintiff's salary. Under these circumstances, the trial court's ruling that defendant was able to pay the attorney fees was not an abuse of discretion. See *Stallworth v Stallworth*, 275 Mich App 282, 288-289; 738 NW2d 264 (2007) ("[D]efendant earns more than double what plaintiff earns in a year, which demonstrated his ability to contribute to plaintiff's attorney fees.").

## V. CONCLUSION

For these reasons, the trial court's opinion and order are affirmed. Plaintiff may tax costs, having prevailed in full. MCR 7.219(A).

We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Jane E. Markey

---

income when determining sanctions under MCR 3.206(C)(2)(a). Although the trial court could have considered the child-support payments when analyzing plaintiff's expenses, the trial court's decision not to do so was appropriate where defendant was no longer exercising his parenting time and, therefore, no longer assuming the attendant childcare costs of parenting time. Further, plaintiff demonstrated that she relied on the child-support payments to live, and plaintiff was not required to use this money to pay her attorney fees. See *Myland*, 290 Mich App at 702.