*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHEILA PARKER,

       Plaintiff-Appellant,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

       Defendant-Appellee,

and

RAYNARD DAVIS,

       Defendant.

UNPUBLISHED
May 23, 2019

No. 343289
Wayne Circuit Court
LC No. 16-003383-NI

Before: REDFORD, P.J., and MARKEY and K. F. KELLY, JJ.

PER CURIAM.

In this no-fault action MCL 500.3101 *et seq.*, plaintiff appeals as of right an order dismissing with prejudice all of her claims against defendant, Farm Bureau General Insurance Company of Michigan (Farm Bureau). This is the second time this matter has been before this Court. Previously, on interlocutory appeal by defendant seeking reversal of the trial court's order granting only *partial* summary disposition under MCR 2.116 (C)(10), this Court granted relief to defendant, remanded the case and ordered the trial court to grant complete dismissal under MCR 2.116 (C)(10).[1] This previous order was not appealed further by plaintiff and the matter returned to the trial court. Following this Court's order, the trial court dismissed plaintiff's case in the entirety. It is from this most recent trial court order that plaintiff now appeals.

---

[1] *Parker v Farm Bureau Gen Ins Co of Mich*, unpublished order of the Court of Appeals, entered March 1, 2018 (Docket No. 342190).

-1-

Because the law of the case doctrine controls this matter, plaintiff's claims are without merit. Additionally, even if the law of the case doctrine did not foreclose the relief sought by plaintiff, this Court would still affirm the trial court because the trial court correctly concluded that plaintiff committed fraud in relation to her attempt to collect personal protection insurance (PIP) benefits and uninsured motorist benefits from defendant. We affirm.

## I. BACKGROUND

After a car accident on October 2, 2015, plaintiff sued defendant Raynard Davis for negligence and Farm Bureau for PIP benefits and uninsured or underinsured motorist benefits. Plaintiff testified at her deposition that, as a result of her accident, she lacked the physical ability to drive a vehicle from October 2015 to April 2016, was prevented from doing household tasks until February 2016 when she was finally able to "fry an egg," required help with personal care, such as doing her hair, washing her back, and making sure she took her medication, and that she required attendant care 24 hours a day, seven days a week, from the time of the accident until March or April 2016. She also testified that she was unable to go shopping and run errands on her own.

Farm Bureau investigated plaintiff's claims and hired an investigator to observe her to determine whether her injuries and limitations were actually as severe as plaintiff claimed. The investigator obtained a surveillance video of plaintiff during November 2015 that showed plaintiff walking, shopping, pushing a grocery cart, getting in and out of a vehicle, holding a door open for another person, and carrying a shopping bag, all without any assistance or any apparent need for assistance. The surveillance video also documented plaintiff engaging in similar activities, including driving a vehicle on more than one occasion, pulling garbage cans to the curb multiple times, climbing steps, carrying items in both hands at the same time, and running various errands during December 2015, January 2016, February 2016, and March 2016. The investigator's report indicated that plaintiff "walked and moved her neck, back, and right leg in a normal manner without any sign of difficulty" while in view, and that plaintiff "did not utilize any noticeable brace or orthopedic device" on November 11, 2015. The investigator reported the same at the conclusion of the surveillance reports for December 2015, January 2016, February 2016, and March 2016. The record also reflects that, at the July 28, 2017 motion hearing, plaintiff's counsel stated that plaintiff's need for assistance began to decrease as early as December 2015, thereby contradicting plaintiff's sworn testimony.

The insurance policy issued by Farm Bureau provided in relevant part as follows:

The entire policy will be void if, whether before or after a loss, you, or any family member or any insured under this policy has:

    1. intentionally concealed or misrepresented any material fact or circumstance;

    2. engaged in fraudulent conduct; or

    3. made false statements;

relating to this insurance or to a loss to which this insurance applies.

As a result of the surveillance, Farm Bureau moved for summary disposition on the ground that plaintiff fraudulently claimed that her injuries and limitations arose out of the accident. The trial court granted summary disposition in part to Farm Bureau on plaintiff's attendant care claims because of plaintiff's fraud, but denied summary disposition to defendant on plaintiff's other claims. Farm Bureau sought leave to appeal to this Court. This Court reversed the portion of the trial court's order denying Farm Bureau's motion for summary disposition and remanded the matter to the trial court for further proceedings because the trial court's finding of fraud and the clear and unambiguous language of the insurance policy's fraud provision required dismissal of all of plaintiff's claims.[2] On remand, the trial court dismissed all of plaintiff's claims with prejudice on March 22, 2018. This appeal followed.

## II. LAW OF THE CASE

"When this Court disposes of an appeal by opinion or order, the opinion or order is the judgment of the Court . . . [a]nd a lower court may not take action on remand that is inconsistent with the judgment of the appellate court." *Kasben v Hoffman*, 278 Mich App 466, 470; 751 NW2d 520 (2008) (quotation marks and citations omitted). The "trial court is bound to strictly comply with the law of the case, as established by the appellate court[.]" *Id.* (citation omitted.) The law of the case doctrine applies to issues actually decided. *Id.* "Whether and to what extent the [law of the case] doctrine applies is a question of law that this Court reviews de novo." *Id.* (citation omitted). "Whether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo." *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007).

Although neither party addresses it in their briefs on appeal, this Court's previous order controls this case. *Parker v Farm Bureau*, unpublished order of the Court of Appeals, entered March 1, 2018 (Docket No. 342190). Under the law of the case doctrine, "as a general rule, an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals." *Grievance Admin'r v Lopatin*, 462 Mich 235, 259; 612 NW2d 120 (2000). Further, "a ruling by an appellate court on a legal question binds the appellate court and all lower tribunals, and the question may not be differently determined in the same case where the facts remain materially the same." *Bruce Twp v Gout* (*After Remand*), 207 Mich App 554, 557-558; 526 NW2d 40 (1994) (citation omitted). The law of the case doctrine, however, "does not preclude reconsideration of a question if there has been an intervening change of law. For this exception to apply, the change of law must occur after the initial decision of the appellate court." *Ashker ex rel Estate of Ashker v Ford Motor Co*, 245 Mich App 9, 13; 627 NW2d 1 (2001) (citation omitted).

In its previous order, this Court directed the trial court to dismiss all of plaintiff's claims because the trial court made a finding of fraud and Farm Bureau's insurance policy's fraud provision required dismissal of all of plaintiff's claims against Farm Bureau. On appeal, plaintiff argues that the trial court erred by granting summary disposition to defendant and dismissing her

---

[2] *Parker v Farm Bureau Gen Ins Co of Mich*, unpublished order of the Court of Appeals, entered March 1, 2018 (Docket No. 342190).

claims. Plaintiff does not and cannot argue that an intervening change of law occurred. There has not been an intervening change in law and the facts of the case have not changed since this Court's March 1, 2018 order. Thus, under the law of the case doctrine, the trial court's order dismissing all of plaintiff's claims must be affirmed. See *Bruce Twp*, 207 Mich App at 557-558.

## III. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Farm Bureau moved for summary disposition under MCR 2.116(C) (10). We review de novo a trial court's summary disposition ruling. *Walters v Nadell*, 481 Mich 377, 381; 751 NW2d 431 (2008). Review of a motion brought under MCR 2.116(C) (10) requires "considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "A motion for summary disposition brought pursuant to MCR 2.116(C) (10) tests the factual support for a claim." *Id*. (quotation marks and citation omitted). Summary disposition "is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. (quotation marks and citation omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

The moving party has the initial burden to support its claim with documentary evidence; but, once the moving party has met this burden, the burden then shifts to the nonmoving party to establish that a genuine issue of material fact exists. *AFSCME v Detroit*, 267 Mich App 255, 261; 704 NW2d 712 (2005). "Affidavits, depositions, and documentary evidence offered in support of, and in opposition to, a dispositive motion shall be considered only to the extent that the content or substance would be admissible as evidence." *Id*. (citation omitted). "Circumstantial evidence can be sufficient to establish a genuine issue of material fact, but mere conjecture or speculation is insufficient." See *McNeill-Marks v Midmichigan Med Ctr-Gratiot*, 316 Mich App 1, 16; 891 NW2d 528 (2016) (citation omitted). This Court may only consider "what was properly presented to the trial court before its decision on the motion." *Pena v Ingham Co Rd Comm*, 255 Mich App 299, 310; 660 NW2d 351 (2003). We also review de novo issues of statutory interpretation. *City of Riverview v Sibley Limestone*, 270 Mich App 627, 630; 716 NW2d 615 (2006). Interpretation and application of an insurance policy presents a question of law that is reviewed de novo. *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 376-377; 836 NW2d 257 (2013).

### B. ANALYSIS

Plaintiff's argument that the trial court erred by finding that she violated the fraud provision of her insurance policy lacks merit. As this Court previously found, the fraud provisions of the insurance policy issued by Farm Bureau lack ambiguity. The record reflects that Farm Bureau presented to the trial court admissible evidence that established plaintiff's fraudulent claims for benefits. An insurance contract, like other contracts, must be interpreted according to the plain and ordinary meaning of the words used in it. *Pioneer State*, 301 Mich App at 377. When the terms of an insurance policy are unambiguous, they must be construed

and applied as written. *Id*. at 378. The clear and unambiguous language of plaintiff's insurance policy stated that the entire policy is void if plaintiff conceals or misrepresents any material fact or engages in fraudulent conduct relating to "a loss to which [the] insurance applies."

This Court reiterated the requirements for establishing fraud or false swearing in relation to fraudulent claims for no-fault insurance benefits in *Bahri v IDS Prop Casualty Ins Co*, 308 Mich App 420, 424-425; 864 NW2d 609 (2014):

> To void a policy because the insured has wilfully misrepresented a material fact, an insurer must show that (1) the misrepresentation was material, (2) that it was false, (3) that the insured knew that it was false at the time it was made or that it was made recklessly, without any knowledge of its truth, and (4) that the insured made the material misrepresentation with the intention that the insurer would act upon it. A statement is material if it is reasonably relevant to the insurer's investigation of a claim. [Citation omitted.]

In *Bahri*, the plaintiff was involved in a car accident and sought PIP and uninsured motorist benefits from the defendant insurer. *Id*. at 421-422. The plaintiff indicated that she required replacement services for a period but the defendant investigated and conducted surveillance that showed the plaintiff "bending, lifting, driving, and running errands." *Id*. at 422. The defendant moved for summary disposition, arguing that the plaintiff's claims were precluded by the fraud provision in the plaintiff's insurance contract. *Id*. The insurance contract excluded coverage "for any insured who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy." *Id*. at 423-424. This Court agreed with the trial court's analysis and concluded that the plaintiff "made fraudulent representations for purposes of recovering PIP benefits." Therefore, it held that no genuine issue of material fact existed and that the trial court did not err by granting summary disposition to the defendant. *Id*. at 426.

This case is not different. Even when viewed in a light most favorable to plaintiff, the evidence presented the trial court established that plaintiff's claims for no-fault benefits were based upon fraud and false swearing. Reasonable minds could not differ that plaintiff engaged in fraud for the purpose of recovering no-fault benefits. *Bahri*, 308 Mich App at 426. Because she did so, Farm Bureau had the contractual right to void the policy and deny her no-fault benefits. The trial court, therefore, did not err by granting summary disposition to Farm Bureau and dismissing plaintiff's claims with prejudice.

Affirmed. As the prevailing party, Farm Bureau may seek the taxation of costs pursuant to MCR 7.219.

/s/ James Robert Redford
/s/ Jane E. Markey
/s/ Kirsten Frank Kelly