*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

JANE DOE,

      Plaintiff-Appellee,

v

MARSHALL PUBLIC SCHOOLS, RANDALL
DAVIS, PH.D., SCOTT HUTCHINS, and GREG
TATROW,

      Defendants-Appellants.

UNPUBLISHED
November 21, 2023

No. 363445
Calhoun Circuit Court
LC No. 2020-001463-NO

Before: GLEICHER, C.J., and SWARTZLE and YATES, JJ.

PER CURIAM.

One goal of the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*, is to compensate victims of discrimination in employment, housing, public accommodations, and education. Article 4 of the ELCRA, MCL 37.2401 *et seq.*, specifically targets discrimination within educational institutions, including public high schools. Governmental immunity is not an available defense to an ELCRA claim. *Manning v City of Hazel Park*, 202 Mich App 685, 699; 509 NW2d 874 (1993).

Plaintiff Jane Doe, a public high school student, sued defendants, an educational institution and three public school employees, alleging multiple violations of the ELCRA. Her claims arise from a sexual relationship she had with a teacher. Doe's complaint alleges that defendants knew or should have known of the illegal relationship and turned a blind eye. According to the complaint, defendants' conduct constituted sexual harassment under the ELCRA, created a sexually-hostile educational environment contrary to the ELCRA, and violated other ELCRA provisions. Notably, Doe's complaint does not allege that defendants are vicariously liable under the ELCRA for the teacher's sexual abuse of his student.

Defendants moved for summary disposition under MCR 2.116(C)(7) and MCR 2.116(C)(10), alleging that they were immune from liability under the governmental tort liability act (GTLA), MCL 691.1401 *et seq.* According to defendants, Doe's ELCRA claims were "artfully

-1-

pleaded" to avoid governmental immunity. The trial court denied summary disposition on this ground.[1]

Defendants filed a claim of appeal from the trial court's ruling. Doe responded with a motion seeking dismissal of the claim of appeal, contending that the trial court's order was not appealable as of right. MCR 7.202(6)(a)(v) defines as a final order appealable as of right "an order denying immunity to a governmental party, including a governmental agency, official, or employee under MCR 2.116(C)(7)[,] or an order denying a motion for summary disposition under MCR 2.116(C)(10) based on a claim of governmental immunity." Doe argued that governmental employees and entities did not have immunity from suit for claims under ELCRA, eliminating this Court's jurisdiction to hear defendants' appeal as an appeal as of right.

Defendants responded that their mere *assertion* of an entitlement to governmental immunity, combined with a contention that Doe artfully pleaded to avoid immunity, sufficed to open this Court's doors to an appeal as of right. This Court denied Doe's motion to dismiss without offering any analysis. *Jane Doe v Marshall Pub Sch*, unpublished order of the Court of Appeals, entered December 9, 2022 (Docket No. 363445).[2]

The central issue presented in this case is whether Doe's complaint states an actionable claim under the ELCRA. If Doe's complaint falls short, the remedy is dismissal under MCR 2.116(C)(8). Because the resolution of this issue has nothing to do with governmental immunity, this Court lacks jurisdiction to consider this appeal as of right.

Defendants insist that they are immune under the GTLA because Doe's "ELCRA claim is an artful attempt to avoid governmental immunity by seeking to hold a school district and its employees vicariously liable for the criminal actions of a teacher." In support, defendants rely solely on a footnote in *Hamed v Wayne Co*, 490 Mich 1; 805 NW2d 237 (2011), which defendants incorrectly characterize as a "holding" in that case. The footnote states:

> Artful pleading would also allow a plaintiff to avoid governmental immunity under the governmental tort liability act (GTLA), MCL 691.1401 *et seq*. A school district, for example, could not be vicariously liable in tort for a teacher's sexual molestation of a student because the GTLA would bar the claim. However, if the plaintiff styled its claim as a CRA action, the school district could be vicariously liable under a theory of quid pro quo sexual harassment affecting public services. Plaintiff's preferred approach, under which public-service providers would be strictly liable for precisely the same conduct as that for which they would

---

[1] The trial court summarily dismissed Doe's other tort claims on immunity grounds.

[2] We review de novo our jurisdiction to hear an appeal, *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009), the proper application of the law-of-the-case doctrine, *Kasben v Hoffman*, 278 Mich App 466, 470; 751 NW2d 520 (2008), the proper application of the law of governmental immunity, *Champine v Dep't of Transp*, 509 Mich 447, 452; 983 NW2d 741 (2022), and the proper interpretation and application of statutes and court rules, *Franks v Franks*, 330 Mich App 69, 86; 944 NW2d 388 (2019).

typically be immune, is inherently inconsistent with the Legislature's intent. If the Legislature had intended such a result, it should have clearly abrogated the common-law rule for purposes of the CRA. [*Id*. at 29 n 74.]

We first dispense with defendants' contention that this footnote controls the outcome here. The actual holding in *Hamed* has nothing to do with governmental immunity. Rather, in *Hamed* the Supreme Court addressed whether an employer may be held vicariously liable under the ELCRA for quid pro quo sexual harassment "under traditional principles of respondeat superior." *Id*. at 5-6. *Hamed* arose from the sexual assault of a jail inmate by a deputy sheriff. The Supreme Court held that "a provider of a public service may not be held vicariously liable for quid pro quo sexual harassment affecting public services on the basis of unforeseeable criminal acts that its employee committed outside the scope of employment." *Id.* at 36.

This case does not involve public services under the ELCRA, which are covered in article 3 of that act, MCL 37. 2301 *et seq*., it does not involve quid pro quo sexual harassment, and Doe has not alleged that defendants are vicariously liable for unforeseeable criminal acts. Indeed, in *Hamed* the Supreme Court explained that an employer may be held liable for an employee's criminal conduct if the employer knew of or reasonably should have foreseen the misconduct and did nothing about it. *Id*. at 13. The allegations in Doe's complaint track that theory of liability.

Defendants do not engage with any of the actual allegations of Doe's complaint, and do not explain what is "artful" about it. Defendants do not address whether the complaint adequately alleges claims that would survive even if *Hamed* did apply to this case. Instead, defendants frame their argument in wholly general terms, asserting that "[c]laims of this nature are barred by the Government Tort Liability Act. Plaintiff is trying to hold a school district and its employees liable for a sexual relationship that occurred off campus."

But governmental immunity is not a defense to an ELCRA claim. The only legal issue presented in defendants' brief on appeal is whether Doe's complaint states a valid claim under the ELCRA, not whether governmental immunity applies. Indeed, if Doe properly pleaded an ELCRA claim, governmental immunity does not apply as a matter of law. If she failed to properly plead a viable ELCRA claim, then she failed to state a claim upon which relief could be granted. In either case, MCR 2.116(C)(7) was not the appropriate vehicle for attacking the claim in the trial court. See *Krieger v Dep't of Environment, Great Lakes, and Energy*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket No. 359895 *et al*.), slip opinion at 27-28. Because defendants' motion did not implicate governmental immunity, the order denying the motion to dismiss the ELCRA claims was not a final order within the meaning of MCR 7.202(6)(a)(*v*). Consequently, this Court does not have jurisdiction to consider the present appeal as an appeal of right under MCR 7.203(A)(1). See also *Krieger*, ___ Mich App at ___; slip op at 26-28.[3]

---

[3] Defendants' motion for summary disposition was artfully pleaded as sounding in governmental immunity, but in fact arises under MCR 2.116(C)(8). And MCR 7. 202(6)(a)(*v*) does not provide this Court with jurisdiction to review a motion brought under MCR 2.116(C)(8).

We also reject defendants' argument that the law of the case doctrine prohibits us from re-examining our jurisdiction to entertain this appeal. Whether this Court has jurisdiction is always properly before this Court. *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009). Because this Court's unpublished order denying Doe's motion to dismiss did not decide the merits of the claims at issue on appeal, the law-of-the-case doctrine does not apply. See *Rott v Rott*, 508 Mich 274, 287, 290; 972 NW2d 789 (2021). And although the law-of-the-case doctrine expresses the general practice that courts refuse to reopen what has been decided, it does not limit this Court's power to revisit error. *Id*. at 287-288.

We dismiss this appeal for lack of jurisdiction. As the prevailing party, Jane Doe may tax her costs. See MCR 7.219(A).

/s/ Elizabeth L. Gleicher
/s/ Brock A. Swartzle
/s/ Christopher P. Yates